Jose Rafael Fernandez **RAMOS** and Carmen Ana Flores Fernandez, **Plaintiffs,**

v.

**UNITED STATES FIDELITY & GUARANTY CO., Defendant.**

Hector Fernando Lopez **MALDONADO, Plaintiff,**

v.

**UNITED STATES FIDELITY & GUARANTY CO., Defendant.**

Civ. Nos. 522–69, 521–69.

United States District Court, D. Puerto Rico.

March 14, 1972.

176

Nachman, Feldstein & Gelpi, San Juan, P. R., for plaintiffs.

González & Rodríguez, San Juan, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

Plaintiffs brought this action against defendant, United States Fidelity & Guaranty Company, for damages for personal injuries and property damages arising out of a multiple vehicle collision allegedly caused by the fault or negligence of defendant's assured, Francisco Vega Otero, Inc. and/or its employee driver. After a four day trial, the jury returned a verdict of $5,000.00 for plaintiff, Carmen Ana Flores de Fernández; $7,000.00 for plaintiff, José Rafael Fernández Ramos in Civil Case No. 522–69, and $8,000.00 for plaintiff, Héctor Fernándo López Maldonado in Civil Case No. 521–69. The above verdict does not include property damages, which the parties at the time of trial entered into a stipulation about the actual cash value of the two vehicles in question, which value would be satisfied by the defendants in the event the Jury would find for plaintiffs on the issue of negligence.

The plaintiffs have filed a motion requesting an award of attorney's fees and pre-judgment interest from the day of

the filing of the complaint as provided by Rules 44.4(d) and (e) of the Rules of Civil Procedure of the Commonwealth of Puerto Rico, which provide as follows:

"44.4(d) Attorney's fees. Where a party has been obstinate, the court shall in its judgment impose on such person the payment of a sum for attorney's fees."

"44.4(e) [Legal interest.] In all cases of money collection where the party has been obstinate the court shall impose on such person the payment of interest according to law, from the time in which there appeared cause of action and in case of damages, such payment of interest shall be imposed from the time the filing of the claim was made and computed on the amount of the judgment, except in the case where the defendant be the Commonwealth of Puerto Rico, its agencies, public corporations or the municipalities of Puerto Rico; Provided, That the provisions of this subsection shall only apply to causes of action that may arise subsequently to the date of its approval. [May 26, 1967]. —Amended Jan. 24, 1961, eff. July 31, 1961; May 26, 1967, No. 68, p. 262, eff. May 26, 1967."

 These rules have been recognized as being of substantive nature and, therefore, enforceable in a federal action based on diversity of citizenship. Pan American World Airways, Inc. v. Ramos, 357 F.2d 341 (1 Cir. 1966). Under Puerto Rican Law, trial courts are bound to grant attorney's fees and interest when in their opinion the party against whom judgment is rendered has been obstinate. Ortiz v. Martorell, 80 P.R.R. 525 (1958); Rodriguez v. Alcover, 78 P.R.R. 783 (1955). The facts of this case warrant a finding that defendant, United States Fidelity & Guaranty Company was obstinate. In this connection it is important to point out that in its written opposition to the award of attorney's fees and legal interest defend-

ant appears to concede, "that ever since the deposition of Mr. Tomás Raimundi Ponce of 9 February 1970", it was or should have been aware of its liability under Puerto Rican Law.—Rivera v. Rivera, 98 P.R.R. —— (pp. 940–944 of Spanish Report) and Jarabo v. Ramírez de Arellano, 93 P.R.R. 691.

The evidence at trial clearly established brake failure of defendant's insured vehicle as the cause of the accident. This brake failure was the result of the breaking of a spring in the compressed air system by which the breaks are operated. Defendant's witness established that such a part had never been inspected despite the fact the vehicle itself was over 20 years old.

The driver of the vehicle, at trial, admitted that the instrument panel and particularly gauges had no illumination (the accident happened after it was dark) which might have enabled him to discover the loss of air pressure immediately and take precautionary measures. But worst of all, and perhaps the last link in the chain of negligence was the absence of an independent system of breaks in violation of the Traffic Laws of Puerto Rico, 9 L.P.R.A. § 1241(1). The driver of defendant's vehicle admitted that such a system existed until about four (4) years before the accident when it was removed and replaced by a system dependent upon the regular air system. According to him, had the vehicle had the old system, the accident could have been avoided.

 Despite the fact that defendant was aware or was in a position to know these facts it put the plaintiff to the unnecessary trouble and expense of a four day trial in which it strongly contested its insured's negligence. It cannot seek to escape now a finding of obstinacy on the grounds that the plaintiff's claims were excessive. When an insurance company, after conducting its own investigation concludes or should have concluded that there was negligence, "it

**178**

should so inform the court at its earliest opportunity if it wishes to escape consequences of being adjudged obstinate. Fireman's Fund Insurance Company v. Santoro, 376 F.2d 157, 160 (1 Cir. 1967), Pan American World Airways, Inc. v. Ramos, supra, Alonso v. Cancel, P.R.R. (1964); Valedón v. Fernández, 79 P.R.R. 468 (1956); Soto v. Lugo, 76 P.R.R. 416, 419 (1954).

■ The Court thinks "that under Puerto Rican Law, United States Fidelity & Guaranty Company should have admitted liability here and limited its defense to damages" and "in not doing so it unduly prolonged the trial." Fireman's Fund Insurance Company v. Santoro, supra, 376 F.2d at p. 160.

The Court is not impressed by defendant's argument that the "only witness" brought by plaintiff, testified for only 10 minutes. The record discloses that in addition to that witness, plaintiffs, in order to establish a prima facie case of negligence which could be submitted to the jury, had to personally testify as to the facts of the occurrence and in addition had to bring as witnesses the policeman who investigated the accident and the driver of the defendant's assured vehicle. It was also necessary for plaintiffs to extensively cross-examine defendant's witness. These other witnesses were the ones which unduly prolonged the case beyond what it would have taken to try the issue of damages.

Defendant has not objected the request for pre-judgment interest from the day of filing of the complaint as provided by Rule 44.4(e) and will, therefore, be allowed.

The above facts and circumstances warrant an award of attorney's fees in the following amounts:

Carmen Ana Flores Fernández . . . . . . . . . . . $500.00
José Rafael Fernández Ramos . . . . . . . . . . . $700.00
Héctor Fernando López Maldonado . . . . . . . . $800.00
It is so ordered.