**Cruz Martinez CABASSA, Plaintiff,**

v.

**AMERICAN UNION TRANSPORT, INC. and Transamerican S. S. Corp., Defendants and Third Party Plaintiffs,**

v.

**CARIBE SHIPPING CO. INC., Third Party Defendants.**

**Civ. No. 419–69.**

United States District Court,
D. Puerto Rico.
Aug. 22, 1972.

---

1. At that moment they ascended to only $8,291.08 plus an identical additional daily charge of $26.147 per day.

Nachman, Feldstein & Gelpi, San Juan, P. R., for plaintiff.

Hartzell, Ydrach, Mellado, Santiago, Pérez & Novas, San Juan, P. R., for defendant third party plaintiffs.

Rieckehoff, Calderón, Vargas & Arroyo, San Juan, P. R., for third party defendant.

## MEMORANDUM OPINION AND ORDER

TOLEDO, District Judge.

The plaintiff herein, a longshoreman, filed suit in this Court against the defendants claiming damages for injuries sustained by him while working as a hatch foreman in the discharge of cargo from a vessel owned by the defendant, American Union Transport, Inc., and operated, managed, controlled, provisioned, manned and supplied by defendant, Transamerican Steamship Corporation. Defendant, as third party plaintiffs, filed a third party complaint against Caribe Shipping Company, Inc., plaintiff's employer. The third party complaint sought indemnity from the third party defendant, the entity in charge of discharging the aforesaid vessel, on the ground that the third party defendant had breached its warranty of performing the stevedoring operations in a safe and workmanlike manner.

After a trial before this Court, the jury brought a verdict awarding plaintiff the sum of Twenty Eight Thousand Dollars ($28,000.00), and dismissing the third party complaint. On March 3, 1972, judgment was filed and entered in the aforesaid amount with interest thereon at the rate of 6% per annum and with the plaintiff's and third party defendants' costs of action. Thereafter, plaintiff timely moved this Court for the imposition of attorneys' fees for obstinacy and for an award of pre-judgment interest. Defendants did not oppose plaintiff's motion for attorneys fees and pre-judgment interest.

Defendants and third party plaintiffs, on or about March 13, 1972, filed a Motion for New Trial alleging excessiveness of the verdict rendered by the jury and error of this Court in failing to instruct the jury as requested. Oppositions to the defendants and third party plaintiffs' Motion for New Trial were promptly filed by plaintiff and third party defendant, respectively. Also, the third party defendant, Caribe Shipping Company, Inc., subsequently filed a motion requesting the imposition of attorneys' fees and costs against the defendants and third party plaintiffs. No motion in opposition to this last stated motion has been filed.

## A: EXCESSIVENESS OF VERDICT

The defendants and third party plaintiffs have challenged the jury's award herein as excessive in light of the evidence presented. Upon review of the evidence, this Court specifically con-

cludes that there was sufficient evidence in the record which would not make unreasonable the amount of damages awarded to the plaintiff, Cruz Martínez Cabassa. The testimony of the only medical expert, Dr. Juan Llompart, established that as a result of plaintiff's injury he was now suffering from a 20% permanent disability of his right leg at the ankle. Further, plaintiff's own testimony to the effect that he could not sustain any prolonged walking or standing without considerable swelling and pain was substantiated by Dr. Llompart's findings based upon various examinations of the plaintiff.

■■ In reaching the aforesaid conclusion, the Court has considered that although the question of excessiveness of a jury award falls squarely within the discretionary powers of this Court, the Court cannot arbitrarily substitute its judgment for that of the jury. Bryant v. Mathis, 107 U.S.App.D.C. 339, 278 F. 2d 19 (C.A.D.C.1960). More so, when as here, the amount awarded includes an unspecified compensation for pain and suffering. Rivera v. Rederi A/B Nordstjernan, 456 F.2d 970 (1 Cir. 1972). Where damages are unliquidated and there can be no fixed measure of mathematical certainty, this Court would be reluctant to overturn a jury award even if it would have awarded less had the case been tried without a jury. Werthan Bag Corp. v. Agnew, 202 F.2d 119 (6 Cir. 1953); Devlin v. Safeway Stores, Inc., 235 F.Supp. 882 (D.C.N.Y. 1964).

■ The profound insight and discernment generally displayed by jurors as to the proper measure of damages for personal injuries cannot be treated lightly. Absent a showing that the jury was improperly motivated by passion, prejudice or sympathy, or a showing that the jury's award was so grossly excessive and unreasonable so as to "shock the judicial conscience", the assessment of damages made by a jury cannot be substituted by the Court. Willmore v. Hertz Corporation, 322 F.Supp. 444 (D. C.Mich.1969); Nowland v. Shoe Corporation of America, 47 F.R.D. 6 (D.C. Del.1969); Dagnello v. Long Island Railroad Company, 193 F.Supp. 552, (D.C.N.Y.1960), Aff'd, 289 F.2d 797 (2 Cir. 1961).

The Court finds, upon review of all the facts herein, that the conduct and demeanor of counsel were completely devoid of any appeal to the sympathies or passions of the jury. Further, the Court concludes that the damages awarded by the jury herein are neither "monstrous", "outrageously or palpably excessive" nor "shocking to the conscience of the Court." Braunstein v. Massachusetts Bank & Trust Co., 443 F.2d 1281, 1285 (1 Cir. 1971); Boston and Maine Railroad v. Talbert, 360 F.2d 286, 291 (1 Cir. 1966); New England Tel. & Tel. Co. v. Reed, 336 F.2d 90, 95–96 (1 Cir. 1964).

**B. DENIAL OF REQUESTS 5, 6, 7 and 8 WAS NOT ERROR**

Defendants and third party plaintiffs claim that this Court committed error in failing to instruct the jury pursuant to their requests for instructions number 5, 6, 7 and 8, and also for permitting plaintiff's request for instruction number 17(h) to go to the jury.[1]

---

1. A) Defendants and third party plaintiffs' instructions, read, in part as follows:

(5) "That it was the duty and obligation of foreman Cruz Martinez Cabassa, to exercise reasonable care and diligence to discover any dangerous condition that could be discovered through the exercise of said reasonable care and diligence."

(6) "There is no duty on the part of the shipowner like the defendant in this case to give notice of an obvious danger, or of a danger that would have been apparent to a reasonably prudent person exercising ordinary care under the circumstances shown by the evidence in this case."

Objection to plaintiff's request for instruction number 17(h) is illfounded. This instruction was withdrawn by stipulation from plaintiff's requests, and was not included in this Court's charges.

 Requests number 5, 6, and 8, the denial of which is asserted as prejudicial error, were properly excluded. Refusal to give proffered instructions not supported by the evidence is not error. Gullet v. St. Paul Fire & Marine Insurance Co., 446 F.2d 1100 (7 Cir. 1971). The instructions tendered were also properly refused as being an incomplete and misleading statement of the applicable law. The obligation of the plaintiff, under the circumstances of this case, was to exercise reasonable care and diligence to discover any dangerous conditions or deficiencies that were either obvious, or apparent after cursory examination. Delaneuville v. Simonsen, 437 F.2d 597 (5 Cir. 1971); Scott v. S. S. Ciudad De Ibague, 426 F. 2d 1105 (5 Cir. 1970). Defendants and third party plaintiffs were given ample opportunity to modify their requested instructions. They were emphatic in their refusal and cannot now claim error where the requests tendered were incomplete statements of the law which assumed facts not in evidence and which had no proper application to the case.

 Request number 7 was likewise properly excluded. Instructions must be considered as a whole and where, as here, they fairly and adequately cover all material issues, it is not error to refuse to give other requested instructions, even though they correctly state the law. Carruba v. Transit Casualty Company, 443 F.2d 260 (6 Cir. 1971). Moreover, the suggested instruction was redundant, would not have add-

ed to/or altered the charge actually given, might have confused the jury and would have, at best, required a further instruction as to the nature of a manufacturer's implied warranty.

## C: OBSTINACY OF DEFENDANTS AND THIRD PARTY PLAINTIFFS

After the return of the verdict of the jury, the plaintiff and the third party defendant moved, in accordance with the procedure set forth in Pan American World Airways v. Ramos, 357 F.2d 341 (1 Cir. 1966), for an award of attorneys' fees based upon the defendants' and third party plaintiffs' obstinacy in the prosecution of this case. The defendants and third party plaintiffs have not challenged the facts alleged in the aforesaid motions.

 A determination of obstinacy falls within the discretionary powers of the Trial Court. Marston v. American Employers Insurance Company, 439 F.2d 1025 (1 Cir. 1971). In determining whether a party was stubbornly litigious, the Trial Court must weigh such factors as the sincerity with which a party puts forth an issue, the genuineness of the legal and factual issues raised, and whether a party was unduly dilatory in the prosecution of its case. *Marston,* supra.

During the pretrial conference herein, the third party defendant requested that defendants and third party plaintiffs voluntarily dismiss their action for indemnity. They refused to dismiss stating they preferred to risk the imposition of costs and attorneys' fees. At trial, the sole witness called upon by the defendants and third party plaintiffs served only to enhance the position of the third party defendant and disprove

---

(7) "The warranty of workmanlike service is comparable to a manufacturer's warranty of its manufactured product."

(8) "The warranty may be breached even where the stevedore's breach does no more than call into play the vessel's unseaworthiness."

B) Plaintiff's requested instruction number 17(h) read:

17 (h) "The amount of earnings plaintiff is likely to lose during his future working expectancy;"

the theory advanced by the third party plaintiffs. In fact, all the evidence before the jury supported a finding that the third party plaintiffs were negligent or that the vessel was unseaworthy and that the third party defendant had not breached its warranty of workmanlike performance.

▮ Considering all of the above, the Court concludes that the third party plaintiffs were obstinate in the prosecution of their claim for indemnity against the third party defendant.

▮ The mere fact that plaintiff recovers a jury verdict does not, in and by itself, provide sufficient ground for an award of attorneys' fees. See Pizarro Felix v. Victory Carriers, Inc. (D.P.R. 1972) 342 F.Supp. 1386 (February 14).

▮ On the other hand, the defendants' failure to concede liability, to admit the occurrence of plaintiff's accident, and their stubborn adherence to an interpretation of the facts and law contrary to all the available evidence, have all been repeatedly held to be criteria in determining obstinacy under the law of Puerto Rico. Fireman's Fund Insurance Company v. Santoro, 376 F.2d 157 (1 Cir. 1967); Soto v. Lugo, 76 P.R.R. 416 (1954). Considering the foregoing, the Court finds that defendants were obstinate within the meaning of the laws of Puerto Rico and that consequently, attorneys' fees must be awarded.

▮ In fixing the amount to be awarded for attorneys' fees, the Court must take into consideration the degree of obstinacy, the unnecessary trouble, inconvenience and expense that had to be taken to overcome the obstinacy, the nature of the litigation, the questions involved, the amount of controversy, the duration of the trial, the expense and inconvenience imposed upon the attorneys for all parties, as well as their professional standing within the community. Heirs of Trias v. Porto Rico Leaf Tobacco Co., 59 P.R.R. 228 (1941); Prado v. Quiñones, 71 P.R.R. 309 (1955).

▮ Considering that the plaintiff obtained a verdict in the amount of $28,000.00; that the defendants and third party plaintiffs' obstinacy against said party was of the kind that usually occurs in cases where a defendant is obstinate in failing to concede any liability on its part, failing to admit the occurrence of the accident and adhering to a theory of law contrary to available evidence; and considering the criteria stated above, this Court is of the opinion that a reasonable award as attorneys' fees to the plaintiff for the obstinacy of the defendants and third party plaintiffs is the amount of $3,000.00. Likewise, considering that the defendants and third party plaintiffs brought into this suit the herein third party defendant when they knew and should have known that the available evidence could not establish that this party had failed to perform its services in a safe and workmanlike manner; considering that the defendants and third party plaintiffs refused to grant third party defendants request for dismissal of the action against them, obstinately stating that they preferred to risk the imposition of costs and attorneys' fees; considering that the defendants and third party plaintiffs' attitude, all throughout the case, forced the third party defendant to incur in attorneys' fees in the amount of $4,850.00 and costs in the amount of $120.00, as reflected by third party defendant's affidavit in support of motion for attorneys' fees; and considering the before stated judicial criteria pertinent to the present consideration, this Court is of the opinion that a reasonable award as attorneys' fees to the third party defendant for the obstinacy of the defendants and third party plaintiffs is the amount of $5,000.00.

▮ Under the provisions of Rule 44.4(e) of the Rules of Civil Procedure of the Commonwealth of Puerto Rico, once a finding of obstinacy has been made, pre-judgment interest must be awarded the plaintiff from the date of

filing of the judicial demand provided that the cause of action arose subsequent to May 26, 1967, the effective date of the aforesaid rule. The cause of action herein arose on the date the plaintiff was injured, April 11, 1968. The judicial demand was filed on the 24th day of June, 1969, and interest is therefore awarded at the rate of 6% per annum from June 24, 1969, on the entire amount of the judgment, exclusive of attorneys' fees hereunder awarded, until paid.

An appropriate amended judgment will be entered forthwith.

## AMENDED JUDGMENT

This action came on for trial before the Court and a Jury, the undersigned judge presiding, and the issues having been duly tried and the Jury having duly rendered its verdict, it is

Ordered and adjudged, that plaintiff Cruz Martínez Cabassa, have and recover of the defendants American Union Transport, Inc. and Transamerican S.S. Corporation, the sum of Twenty Eight Thousand Dollars ($28,000.00) with interest thereon at the rate of six percent (6%) per annum from June 24, 1969, until paid, plus the sum of $422.19 for his costs of action as hereinbefore taxed, and the sum of $3,000.00 for attorneys' fees for obstinacy; and it is further

Ordered and adjudged, that the third party plaintiffs American Union Transport, Inc. and Transamerican S.S. Corporation, take nothing from the third party defendant and the third party complaint be and hereby is dismissed on the merits, and it is further

Ordered and adjudged, that the third party defendant, Caribe Shipping Co., Inc., have and recover of the third party plaintiffs, American Union Transport, Inc. and Transamerican S.S. Corporation, its attorneys' fees for obstinacy in the sum of $5,000.00; and it is further

Ordered and adjudged, that this amended judgment shall serve in place and instead of the judgment entered herein on the 3rd day of March, 1972.