Alejandro Lamour NADAL,
Plaintiff,

v.

PUERTO RICO TOURIST DEVELOP-
MENT COMPANY, Defendant.

Civ. No. 75–1.

United States District Court,
D. Puerto Rico,
Civil Division.

Sept. 12, 1975.

George L. Weasler, Santurce, P. R., for plaintiff.

José A. Acosta Grubb, P. R. Dept. of Justice, San Juan, P. R., for defendant.

## OPINION AND ORDER

TOLEDO, Chief Judge.

On January 1, 1975, plaintiff filed the instant complaint seeking damages and injunctive relief to redress the alleged violation of rights secured to him by the Constitution of the United States. Invoking jurisdiction of the Court under Title 28, United States Code, Section 1343, Title 42, United States Code, Section 1983 and Title 23, Laws of Puerto Rico Annotated, Section 671d, plaintiff claims that his termination as an employee of defendant without a statement of reasons or a hearing deprived him, under color of state law, of federally protected constitutional rights, particularly his rights to due process of law, and seeks reinstatement to his position with defendant, $285,000 in damages and attorney's fees and any such further relief that may be just and proper.

After having obtained an extension of time to file a responsive pleading, defendant on April 30, 1975, filed a motion to dismiss on the grounds, first, that the doctrine of res judicata bars plaintiff's action because plaintiff already sued defendant in the Superior Court of Puerto Rico, San Juan Section, for reinstatement to his position with defendant and said action was dismissed with prejudice on March 27, 1974 and, second, that the Court lacks jurisdiction to entertain the instant complaint because defendant is not a "person" for purposes of Title 42, United States Code, Section 1983.

Of necessity, we must first address the question of jurisdiction since a

determination of whether or not the doctrine of res judicata applies in this case constitutes a judgment on the merits that can be made only after the Court assumes jurisdiction. *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1945). For the reasons outlined below, we find that the Court does not have jurisdiction to entertain this action and therefore must grant defendant's motion to dismiss.

■■ At the outset we must point out that jurisdiction is not, and can not be, conferred on this Court by Title 23, Laws of Puerto Rico Annotated, Section 671d or any other statute of the Commonwealth of Puerto Rico. Federal district courts have been created by Congress pursuant to Article II, Section 1 of the Federal Constitution. They are courts of original but limited jurisdiction and are empowered to hear only such cases as are within the judicial power of the United States and have been entrusted to them through a jurisdictional grant of Congress. It is settled law that the judicial power of the United States having been defined by Article III, Section 2 of the Constitution, Federal courts can not be given authority beyond that which the Constitution has thereby conferred. Pursuant to its authority under Article III, Section 1, Congress can create inferior Federal courts and establish their jurisdiction, but it can not vest in them more judicial power than that which Article III, Section 2 grants to the Federal Government. Obviously, what Congress is powerless to do with respect to Federal courts can not be done by the Legislature of the Commonwealth of Puerto Rico.

■ Turning now to the main jurisdictional allegation, that the Civil Rights Act, Title 42, United States Code, Section 1983, and its jurisdictional counterpart, Title 28, United States Code, Section 1343, empower this Court to entertain the complaint, we find that the

Puerto Rico Tourist Development Company is not a "person" within the meaning of the Civil Rights Act and thus is not amenable to suit under said statute.

In *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the Supreme Court, relying on the extensive congressional debates prior to passage of the Civil Rights Act of 1971, in particular those related to the defeated proposal to make municipalities liable under the Act, held that a municipal corporation is not a "person" within the meaning of Title 42, United States Code, Section 1983. This ruling, as clearly shown by *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973) and *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), has become settled law and the lower Federal courts have made it applicable as well to the states and their political subdivisions and agencies.

In *Sires v. Cole,* 320 F.2d 877 (9 Cir. 1963), the doctrine of *Monroe v. Pape,* supra, was extended by the Court when it flatly stated that "Congress did not undertake to bring municipal corporations within the ambit of Title 42, United States Code, Section 1983. . . . The considerations which have led to this conclusion . . . indicate that this is likewise true of a state or county." The rationale for this logical extension was fully articulated in *Williford v. People of California,* 352 F.2d 474 (9 Cir. 1965) when the proposition was stated that "a municipal corporation is but a political subdivision of a state, and if the state's political subdivisions are not "persons" under the statute, then neither is the state."

In accordance with this extension of the doctrine of *Monroe v. Pape,* supra, it was held in *Deane Hill Country Club, Inc. v. City of Knoxville, et al.,* 379 F.2d 321 (6 Cir. 1967) that the State of Tennessee was not liable as a "person" within the meaning of Title 42, United States

Code, Section 1983, in *U. S. ex rel. Gittlemacker v. County of Philadelphia,* 413 F.2d 84 (3 Cir. 1969) that the Commonwealth of Pennsylvania is not a "person" within the meaning of this Section and in *Meyer v. New Jersey,* 460 F.2d 1252 (3 Cir. 1972) that the State of New Jersey could not be sued under the Civil Rights Act.

The extension of the doctrine from municipal corporations to the states had as a logical corollary the extension of the doctrine to other subdivisions of the states. Thus, in *Bennett v. People of the State of California,* 406 F.2d 36 (9 Cir. 1969), it was held that "state agencies . . . . which are but arms of the state government are not "persons" within the meaning of the Civil Rights Act"; in *Rosado v. Wyman,* 414 F.2d 170 (2 Cir. 1969), reversed on other grounds 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), that the Department of Social Services for the State of New York was not a "person" within the meaning of the Act and in *Olson v. California Adult Authority,* 423 F.2d 1327 (9 Cir. 1970), cert. den. 398 U.S. 914, 90 S.Ct. 1717, 26 L.Ed.2d 78 (1970), that the California Adult Authority was not a "person" within the meaning of said Act.

In short, the doctrine of *Monroe v. Pape,* supra, has been expressly held applicable not only to the states but also to many of their political subdivisions including counties, towns, townships, school districts, boards of education, housing authorities, police departments, municipally owned hospitals and state colleges.[1] There is thus no question that by now, as stated in *Cheramie v. Tucker,* 493 F.2d 586 (5 Cir. 1974), "It is well established that states and their political subdivisions are not persons within the meaning of Title 42, U.S.C., Section 1983.[2] "

The Puerto Rico Tourist Development Company has been created as a "public corporation and instrumentality of the Government of the Commonwealth of Puerto Rico" by virtue of Title 23, L.P. R.A., Section 671a. As such, as this Court recently decided in its Order of August 1, 1975 in *Hector Alfaro Flores v. Puerto Rico Tourist Development Company,* Civil Number 75–499, it is clearly not a "person" within the meaning of the Civil Rights Act and can not be sued under its provisions. The Court therefore lacks jurisdiction to entertain this action and must dismiss the complaint. The Clerk of the Court is hereby directed to enter judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure, dismissing the complaint and taxing costs to the plaintiff.

It is so ordered.

---

1. See also in this respect *Harvey v. Saddler,* 331 F.2d 387 (9 Cir. 1964); *Garrison v. County of Bernalillo,* 338 F.2d 1003 (10 Cir. 1964); *Clark v. Washington,* 366 F.2d 678 (9 Cir. 1966); *Davis v. United States,* 439 F.2d 1118 (8 Cir. 1971).

2. Some courts have also held that liability is *personal* under the Act and can only be incurred in by individuals, not by juridical persons. See for example *Deane Hill Country Club, Inc. v. City of Knoxville et al,* supra; *Taylor v. Pennsylvania Board of Parole,* 263 F.Supp. 450 (MD Pa. 1967); *Williams v. Craven,* 273 F.Supp. 649 (CD Cal. 1967); *Miller v. Swenson,* 315 F.Supp. 773 (WD Mo.1970).