Juan ROSADO MAYSONET and
Carmen Luz Amaro de
Rosado, Plaintiffs,

Hilton International Co. d/b/a Caribe
Hilton Hotel et al., Defendants and
Third-Party Plaintiffs,

v.

Angel SOLIS, Jr. and Angel Solis, Sr.,
Third-Party Defendants and
Plaintiffs-Intervenors,

and

Concepcion Acosta, Individually and as
inspector of the Games of Chance Division of Compañia de Fomento de Turismo de Puerto Rico and Compañia
de Fomento de Turismo de Puerto
Rico.

Civ. No. 75–613.

United States District Court,
D. Puerto Rico.

Dec. 12, 1975.

Olaguibeet A. López Pacheco, Hato Rey, P. R., for plaintiffs.

Rafael Pérez Bachs, McConnell, Valdés, Kelley & Sifre, San Juan, P. R., for defendants and third-party plaintiffs.

Roberto Busó Aboy, Santurce, P. R., for third-party defendants and plaintiffs-intervenors.

José Acosta Grubb, Dept. of Justice, Commonwealth of Puerto Rico, San Juan, P. R., for codefendant Compañia de Fomento de Turismo de P. R.

## OPINION AND ORDER

TOLEDO, Chief Judge.

### A.—BACKGROUND OF THE CASE

This civil action commenced by complaint filed on June 5, 1975, wherein plaintiffs charged defendants with racial discrimination by forcing them to get out of and refusing their entry to the Casino of the Caribe Hilton Hotel because plaintiffs are black. Jurisdiction over the subject matter was invoked pursuant to Title 28, United States Code, Section 1343 for this suit under the provisions of Title II of the Civil Rights Act of 1964, Title 42, United States Code, Section 2000a et seq.; and Title 42, United States Code, Sections 1981, 1983 and 1985(3). Jurisdiction was also invoked due to the presence of general Federal question,[1] Title 28, United States Code, Section 1331, and diversity of citizenship between plaintiffs and codefendant Hilton International Co., Title 28, United States Code, Section 1332. Injunctive relief and damages were sought.

---

1. Namely, the Commerce Clause, Art. I, Section 8, cl. 3 of, and Amendment XIV to, the Constitution.

On June 17, 1975, an order to show cause was issued requiring the parties to submit their direct testimony by sworn statements, to exchange documentary evidence and file grounded objections thereto, scheduling a pretrial conference for October 6, 1975 and scheduling the trial on the merits, a consolidated hearing on the preliminary and permanent injunction[2] and damages, for October 20, 1975.

Codefendants Hilton International Co., Roberto Lugo Rigau, Felix Velez Cruz and Luis Antonio Feliciano Santiago, impleaded Angel Solis Diaz, Angel Solis, Sr. and Roberta Figueroa by third party complaint filed on July 14, 1975, as amended on September 10, 1975. Third party defendant Roberta Figueroa was dropped as such at the pretrial and on October 8, 1975, the remaining third party defendants answered the impleader, counterclaimed as to the same in a form substantially similar to that of plaintiffs' claim and also filed a similar claim, by way of intervention, against the remaining codefendants who had not impleaded them.[3]

On August 22, 1975, codefendant Puerto Rico Tourism Development Company moved to have the complaint dismissed as to it on the grounds that it is not a "person" under Title 42, United States Code, Section 1983. Codefendant Lugo Rigau requested summary judgment on July 16, 1975 and codefendants Hilton, Velez Cruz and Feliciano Santiago did the same two days thereafter. All alleged lack of "State action" and codefendant Lugo Rigau also denied any participation in the incident charged in the complaint. All of said motions, except that of codefendant Lugo Rigau, were denied by Order of October 22, 1975 and on that same date, codefendant Puerto Rico Tourism Development Company requested the rehearing of its motion to dismiss, renewing the same on the additional ground of sovereign immunity.

The pretrial was held as scheduled and the trial on all claims was held on October 22, 23 and 24, 1975. All of plaintiffs' witnesses, except one[4] whose direct testimony was stricken for failure to appear at the trial, were cross examined by plaintiffs.

On the basis of the pleadings and the pretrial order submitted by the parties, and after hearing the oral testimony at the trial and appraising the credibility of the witnesses, considering the tenor of their testimony and their demeanor in giving the same, the Court makes the following:

## B.—FINDINGS OF FACT

1. The plaintiffs, Juan Rosado Maysonet and his wife Carmen Luz Amaro de Rosado, are black citizens of the United States and of the Commonwealth of Puerto Rico.

2. Third party defendant Angel Solis Diaz is a black citizen of the United States and of the Commonwealth of Puerto Rico.

3. Defendant Hilton International Co. is a corporation organized under the laws of the State of Delaware and having its principal place of business in the State of New York.

4. Codefendant Hilton International Co. d/b/a Caribe Hilton Hotel operates hotels, such as the one operated at San Juan, Puerto Rico, under the name of Caribe Hilton Hotel.

5. Codefendants Felix Velez Cruz and Luis Feliciano Santiago are servants and employees of codefendant Hilton International Co. d/b/a Caribe Hilton Hotel.

---

2. Compare *Santiago v. Corporacion de Renovación Urbana, etc.,* 453 F.2d 794 (1 Cir. 1972) and *T.M.T. Trailer Ferry v. Union de Tronquistas, P.R., Local 901,* 453 F.2d 1171 (1 Cir. 1971).

3. The claims of Angel Solis, Sr., were dismissed at the trial since his counsel represented to the Court, and it was so accepted without objection, that he appeared only in his capacity as parent of his minor child Angel Solis Diaz.

4. Mr. Juan Ramos Maldonado.

6. Codefendant Hilton International Co. d/b/a Caribe Hilton Hotel runs a gambling casino under a franchise from the Commonwealth of Puerto Rico, regulated by the Division of Games of Chance of codefendant Puerto Rico Tourism Development Company.

7. Codefendant Concepcion Acosta is an inspector employed by the Division of Games of Chance of codefendant Puerto Rico Tourism Development Company. The remaining codefendants are private parties.

8. During the night of December 22 and the early morning of December 23, 1974, plaintiffs and third party defendant Angel Solis Diaz, visited the Caribe Hilton Hotel. They attended the show at the nightclub of said hotel ("Salon Caribe"), where they spent the sum of $62.00, including admission fee to said nightclub and show.

9. Neither plaintiffs nor third party defendant were excluded from said nightclub on the grounds of their race or for any other reason. To the contrary, even though they arrived after the show had commenced and although they had no reservations for the same, they were admitted to the nightclub and a table for them was found.

10. During the show, plaintiffs and third party defendant drank two "zombies" each. The routine practice of codefendant Hilton in preparing this alcoholic beverage is to follow a formula which includes two ounces of eighty-proof rum, one ounce of one hundred and fifty-one proof rum and a half ounce of Jamaican rum in each drink, evidence of said routine practice[5] proving that the conduct of Hilton in serving the beverage to plaintiffs and to third party defendant on the pertinent evening was in conformity with such practice. F.R.Evid. 407.

11. After the show was over, coplaintiff Juan Rosado Maysonet and third party defendant Angel Solis Diaz, visited the casino of said Hotel but they were excluded therefrom. The remaining coplaintiff, Carmen Luz Amaro de Rosado, neither entered the casino nor was she excluded therefrom.

12. That evening codefendant Acosta Aristud was working in his official capacity as inspector at Hilton's Casino.

13. Codefendant Acosta Aristud, the party principally and directly charged with discriminating against plaintiffs and third party defendant on account of their race, is also a black man.[6]

14. When coplaintiff Rosado Maysonet and third party defendant Solis Diaz arrived at the Casino they were heavily intoxicated.

15. Third party defendant was stopped at the entrance of the Casino and advised that Casino regulations required that he wear a tie whereupon he took a bow tie from one of his pockets and after putting it on and entering the Casino premises ahead of Mr. Rosado Maysonet, he defiantly removed said tie and in foul language expressed disgust at the Casino's regulations.

16. Codefendant Acosta Aristud and David J. Pinto Torres, then a security officer of Hilton's Casino, noticed that third party defendant Solis Diaz was not properly attired, that he appeared to be intoxicated and that he was using foul language.

17. Mr. Pinto Torres then proceeded to intervene with third party defendant Solis Diaz asking him to please accompany him outside of the Casino and coplaintiff Rosado Maysonet then joined in and, in a loud voice and gesticulating vigorously, caused a commotion.

18. Mr. Pinto Torres then proceeded to exclude third party defendant Solis Diaz and coplaintiff Rosado Maysonet from the Casino due to their rowdy behavior.

---

**5.** The testimony of Hector Torres, Hilton's Bar Manager.

**6.** He testified under cross examination that he would be incapable of discriminating against any member of his own race and the Court gives credence to his testimony.

19. Codefendant Acosta Aristud did not personally exclude coplaintiff and third party defendant from the Casino, nor did he so instruct or direct the other individual codefendants, and at no time did he exclaim "Get these blackish out of here" although he did suggest to Mr. Pinto Torres that they not be allowed in the Casino as they did not appear in condition to remain within the premises without continuing to cause a disturbance.

20. Once outside, coplaintiff Rosado Maysonet continued shouting and arguing. He demanded identification from all the persons present and asserted that he would file a complaint. Once he obtained the identification he demanded, plaintiffs and third party defendant left the Hotel.

21. At no time was the color and/or race of coplaintiff or third party defendant a consideration in excluding them from the Casino's facilities. They were excluded strictly on account of their unruly behavior and of their unwillingness to comply with the regulations established at the Casino for the benefit of all its patrons.

On the basis of the above Findings of Fact and after due consideration of the arguments advanced by the parties and the applicable law, the Court makes the following:

## C.—CONCLUSIONS OF LAW

1. This Court has jurisdiction over the subject matter pursuant to Title 28, United States Code, Sections 1331, 1332, 1343 and Title II of the Civil Rights Act of 1964, Title 42, United States Code, Section 2000a et seq.

2. The Caribe Hilton Hotel is a place of public accommodation within the meaning of Title II of the Civil Rights Act of 1964, Title 42, United States Code, Section 2000a.

3. The Caribe Hilton Hotel is, as such, a "place for public accommodation" or a "public business" within the meaning of the Civil Rights Act of Puerto Rico, Title 1, Laws of Puerto Rico Annotated, Section 18(2).

4. Codefendant Puerto Rico Tourism Development Company is a public corporation and instrumentality of the Commonwealth of Puerto Rico established pursuant to the Puerto Rico Tourist Development Company Act of June 18, 1970, Title 23, Laws of Puerto Rico Annotated, Section 671 et seq.

5. Codefendant Puerto Rico Tourism Development Company is not a "person" for the purposes of Title 42, United States Code, Sections 1981, 1983 and 1985. *Nadal v. Puerto Rico Tourism Development Company*, D.Puerto Rico, 399 F.Supp. 1222, Civil No. 75–1, 1975; *Alfaro Flores v. Puerto Rico Tourism Development Company*, Civil No. 75–499, Order of August 1, 1975. However, jurisdiction is found under the general Federal question statute, Title 28, United States Code, Section 1331 and said codefendant's renewal of its motion to dismiss, being untimely, cannot be entertained.

6. Title II of the Civil Rights Act of 1964, Title 42, United States Code, Section 2000a et seq., is directed at discrimination on the ground of race, color, religion or national origin. This is the type of discrimination charged by plaintiffs and by third party defendant. *Georgia v. Rachel*, 384 U.S. 780, 806, 86 S.Ct. 1783, 1797, 16 L.Ed.2d 925, 941 (1966). However, the Court having found as a matter of fact that there was no such discrimination, their claim under Title II of the Civil Rights Act of 1964 must fail.

7. The Civil Rights Act of Puerto Rico, Title 1, Laws of Puerto Rico Annotated, Sections 13–19, as well as the general tort law of Puerto Rico, Art. 1802 of the Civil Code,[7] forbid discrimination "because of any political, religious, race or color question, or because of any other reason not applicable to all persons in general". *Muriel v. Suazo*, 72 P.R.R.; 348, 353–354 (1951). This is the type of discrimination charged by plain-

7. Title 31, Laws of Puerto Rico Annotated, Section 5141.

tiffs and by third party defendant. However, the Court having found as a matter of fact that there was no such discrimination, their claim under local law must also fail.

■ 8. As to the claims brought by plaintiffs and by third party defendant under Title 42, United States Code, Section 1985(3), the Court concludes that they too should be dismissed for absence of racial discrimination and for the additional ground that there is no basis in fact to conclude that defendants engaged in a *plan* to deprive the claimants of their federally protected rights, which plan is of the essence of such a claim, *Oppenheimer v. Acevedo*, 388 F.Supp. 326, 336 (DCPR 1974), aff'd 512 F.2d 1373 (1 Cir. 1975).

■ 9. The claims brought under Title 42, United States Code, Sections 1981 and 1983, suffer a similar fate in the absence of racial discrimination and, as to the private codefendants, for the additional ground of lack of "State action" on the part of the private codefendants. *Jackson v. Metropolitan Edison Company*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); *Lloyd Corporation v. Tanner*, 407 U.S. 551, 92 S.Ct. 2219, 33 L.Ed.2d 131 (1972); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972); *Davis v. Richmond*, 512 F.2d 201 (1 Cir. 1975); *Fletcher v. Rhode Island Hospital Trust National Bank*, 496 F.2d 927 (1 Cir. 1974); *Rodriquez v. Conagra, Inc.*, 387 F.Supp. 951 (DCPR 1974); *Moro v. Telemundo, Inc.*, 387 F.Supp. 920 (DCPR 1974); *El Mundo, Inc. v. P. R. Newspaper Guild, Local 225*, 346 F.Supp. 106 (DCPR 1972); *Montañez v. Colegio de Tecnicos de Refrigeracion*, 343 F.Supp. 890 (DCPR 1972); *Smith v. North American Rockwell Corp., Tulsa Div.*, 50 F.R.D. 515 (N.D.Okl.1970); *Winterhalter v. Three*

*Rivers Motor Company*, 312 F.Supp. 962 (W.D.Pa.1970). The private individual codefendants, Feliciano Santiago and Velez Cruz are not officers of the Commonwealth of Puerto Rico; codefendant Hilton is merely the holder of a franchise issued by the Commonwealth of Puerto Rico by virtue of which it engages in casino operations regulated by codefendant Puerto Rico Tourism Development Company. The evidence shows no more.[8]

10. Section 204(b) in Title II of the Civil Rights Act of 1964, Title 42, United States Code, Section 2000a–3(b), provides that "in any action commenced pursuant [thereto], the Court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the cost,[9] and the United States shall be liable for cost the same as a private person". See *U. S. v. Gray*, 319 F.Supp. 871 (DCRI 1970).

■ 11. Whenever jurisdiction is grounded on diversity, as has been found herein, attorney's fees may be taxed against the losing but obstinate party under Puerto Rico Rule of Civil Procedure 44.4(e). See *De Thomas v. Delta S. S. Lines, Inc.*, 58 F.R.D. 335 (DCPR 1973); *Cabassa v. American Union Transport, Inc.*, 58 F.R.D. 200 (DCPR 1972); *Ramos v. U. S. Fidelity & Guaranty Co.*, 55 F.R.D. 175 (DCPR 1972); *Felix v. Victory Carriers, Inc.*, 342 F.Supp. 1386 (DCPR 1972).

12. Costs, exclusive of attorney's fees, are awarded to the prevailing party under Federal Rule of Civil Procedure 54.

In accordance with the foregoing, it is hereby ordered that plaintiffs' complaint be, as it is hereby, dismissed; that third party defendant's counterclaim be, as it is hereby, dismissed; that third party defendant's intervention complaint be, as it is hereby, dismissed; and that the third

---

8. As to codefendant Hilton, the inapplicability of the doctrine of *respondeat* superior to actions brought under Title 42, United States Code, Section 1983, *Gabriel v. Benitez*, 390 F.Supp. 988 (DCPR 1975), also defeats a claim such as that brought against it herein under Section 1983.

9. As a statutory exception to the American Rule. Compare *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), and *Committee on Civic Rights of Friends, etc. v. Romney*, 518 F.2d 71 (1 Cir. 1975).

party complaint filed by Hilton International Co., Felix Velez Cruz, Luis A. Feliciano Santiago and Roberto Lugo Rigau and the counterclaim filed by the same parties be, as they hereby are, dismissed as moot; that costs be jointly taxed against plaintiffs and third party defendant; that codefendants Concepcion Acosta Aristud and Puerto Rico Tourism Development Company recover $1,000.00 in attorney's fees from plaintiffs and from third party defendant; that codefendant Hilton International Co., Felix Velez Cruz and Luis A. Feliciano Santiago recover $1,000.00 in attorney's fees from plaintiffs and from third party defendant; and that plaintiffs and third party defendant be jointly taxed for said awards in attorney's fees.

Pursuant to Federal Rule of Civil Procedure Number 58, the Clerk of the Court is hereby instructed to enter judgment accordingly.

IT IS SO ORDERED.