**AINSWORTH ARISTOCRAT INTERNATIONAL PTY. LIMITED,**
**Plaintiff, Appellant,**

v.

**TOURISM COMPANY OF the COMMONWEALTH OF PUERTO RICO, et al., Defendants, Appellees.**

**No. 86–1835.**

United States Court of Appeals,
First Circuit.

Heard Feb. 6, 1987.

Decided May 18, 1987.

---

Harry Anduze Montano, Santurce, P.R., for plaintiff, appellant.

James D. Noel III with whom Ledesma, Palou & Miranda, Hato Rey, P.R., was on brief, for defendant, appellee Bally Mfg. Corp.

J.Ramon Rivera-Morales with whom Jimenez, Graffam & Lausell, San Juan, P.R., was on brief, for defendant, appellee Intern. Game Technology.

Before COFFIN, Circuit Judge, WISDOM,* Senior Circuit Judge, and BOWNES, Circuit Judge.

* Of the Fifth Circuit, sitting by designation.

WISDOM, Senior Circuit Judge:

This appeal presents questions concerning the propriety of the district court's decision to dismiss an action brought by Ainsworth Aristocrat International Pty, Ltd. ("Ainsworth") against the Tourism Company of the Commonwealth of Puerto Rico, Bally Manufacturing Company ("Bally"), and International Game Technology ("IGT"). The district court dismissed the action on two grounds: The Court concluded that the Puerto Rico Tourism Company, an indispensable party, was immune from suit in federal court under the Eleventh Amendment and that the plaintiff failed to exhaust its administrative remedies before filing suit in federal court. We conclude that the district court failed to apply the proper test in deciding whether the Tourism Company is an arm of the state protected by immunity under the Eleventh Amendment. The record on appeal is, however, insufficient for us to apply that test. Because the Eleventh Amendment issue is jurisdictional in nature, we conclude that it would be inappropriate to reach the exhaustion issue until it is clear that this court has jurisdiction over this controversy. We therefore remand the Eleventh Amendment issue to the district court.

## FACTS

Ainsworth, the plaintiff in this action, is an Australian corporation engaged in the business of distributing slot machines. Two of the defendants in this action, Bally and IGT, are competing manufacturers of slot machines. The remaining defendant, the Tourism Company of the Commonwealth of Puerto Rico is a public corporation and "instrumentality" of the Commonwealth of Puerto Rico. The Company owns all slot machines in Puerto Rico and oversees their operation.

In November 1985, the Tourism Company published an invitation to bid and notice of public auction for the purchase of 1500 slot machines. Ainsworth, Bally, and IGT were among the parties who submitted bids. After analyzing the bids, the Tour-

ism Company awarded half of the purchase order to the distributor of the machines manufactured by Bally and half to the distributor of the machines manufactured by IGT.

In January 1986, Ainsworth filed an appeal before the Bid Appeal Board contending that in awarding the contract, the Tourism Company had violated various sections of their Purchase, Supply and Bid Regulation (the "Regulation"). The Bid Appeal Board issued an order temporarily staying the execution of any contract by the Tourism Company while the appeal was pending. The continuance of the stay was conditioned upon Ainsworth's compliance with the appeal bond requirements of the Regulation.

In February 1986, Ainsworth submitted a purported bond. The Bid Appeal Board concluded that the bond offered was unacceptable and allowed Ainsworth 10 days to correct the defects. Rather than attempting to correct the defects, Ainsworth argued that the bond offered was sufficient. In June 1986, the Bid Appeal Board ruled that the proposed bond was defective and therefore dismissed the administrative appeal.

Ainsworth then filed suit in the Federal District Court for the District of Puerto Rico, naming the Tourism Company, Bally, and IGT as defendants, and alleging that the Tourism Company had not conducted the auction in accordance with its Regulation and had therefore violated Ainsworth's right under the Fourteenth Amendment to due process and equal protection. The complaint requested a declaratory judgment and an injunction against the Tourism Company requiring the Company to award the contract to Ainsworth.

On the defendants' motion, the district court dismissed the action on two grounds.

The district court held that the Tourism Company, an indispensable party, was an arm of the state protected by the Eleventh Amendment. The district court also concluded that Ainsworth could not pursue an action in federal court because it had failed to exhaust its administrative remedies. Ainsworth now appeals.

## DISCUSSION

We turn first to the Eleventh Amendment issue because that issue goes to whether the district court had jurisdiction over the action.[1] When an action is brought against a public agency or institution, the application of the Eleventh Amendment depends upon whether the entity "is to be treated as an arm [or alter ego] of the State partaking of the State's Eleventh Amendment immunity, or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend".[2]

The district court concluded that the Tourism Company:

> is a public corporation funded by the Government of Puerto Rico which functions as an alter ego of the state in accomplishing the public purpose of operating a tourism industry for the island. See generally 23 L.P.R.A. Sections 671, *et. seq.* ... The Tourism Company operates from funds which are put into separate accounts but entrusted to recognized depositaries of the funds of the Government of Puerto Rico, 23 L.P.R.A. § 671; in addition, the nature of this industry mandates its integral relationship to the welfare of the island and the public treasury. In particular, the nature of this type of contract involving gambling in the casinos of Puerto Rico touches upon a very sensitive issue impli-

---

1. *See Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984) (Eleventh Amendment issue is one of jurisdiction); *Clay v. Texas Women's Univ.,* 728 F.2d 714, 715 (5th Cir.1984) (same).

   The Eleventh Amendment provides:

   > The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

   U.S. Const. amend. XI.

2. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977).

cating the public image of the Government of Puerto Rico, and requires a judicious and careful exercise of discretion on the part of state officials. For these reasons, we find that the state is the real party in interest in this proceeding and that the Tourism Company is an arm of the state protected by the Eleventh Amendment against a suit of this sort by a disappointed bidder in Federal Court.

Because Ainsworth had requested relief only against the Tourism Company, the district court concluded that the suit should be dismissed.[3]

We are concerned, however, that in considering whether the Tourism Company was an arm of the state, the district court failed to apply the appropriate test. In making this decision, courts generally agree that a trial court should consider:

local law and decisions defining the status and nature of the agency involved in its relation to the sovereign.... Among the other factors, no one of which is conclusive, perhaps the most important is whether, in the event the plaintiff prevails, the payment of the judgment will have to be made out of the state treasury; significant here also is whether the

agency has the funds or the power to satisfy the judgment. Other relevant factors are whether the agency is performing a governmental or proprietary function; whether it has been separately incorporated; the degree of autonomy over its operations; whether it has the power to sue and be sued and to enter into contracts; whether its property is immune from state taxation, and whether the sovereign has immunized itself from responsibility for the agency's operations.[4]

The Puerto Rico statutes dealing with the Tourism Company declare that the Company is separately incorporated and has a "legal existence and personality independent of the Commonwealth Government".[5] They also declare that the Commonwealth of Puerto Rico will not be responsible for the debts of the company.[6] The Company's Board of Directors, most of whom are appointed by the Governor,[7] and the Company's Executive Director, who is selected by the Board,[8] apparently exercise broad powers with a great deal of discretion and autonomy.[9] The Company's powers include the following: to sue and be sued;[10] to control its own properties and funds;[11] to enter into contracts;[12] and to

---

**3.** That Ainsworth requested prospective relief against the Tourism Company was irrelevant. *Pennhurst State School & Hosp.*, 465 U.S. at 100, 104 S.Ct. at 908 ("[A] suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought.") (citations omitted).

**4.** *Blake v. Kline*, 612 F.2d 718, 722 (3d Cir.1979), *cert. denied*, 447 U.S. 921, 100 S.Ct. 3011, 65 L.Ed.2d 1112 (1980) (quoting *Urbano v. Board of Managers of New Jersey State Prison*, 415 F.2d 247, 250–51 (3d Cir.1969), *cert. denied*, 397 U.S. 948, 90 S.Ct. 967, 25 L.Ed.2d 129 (1970)); *accord Hall v. Medical College of Ohio at Toledo*, 742 F.2d 299, 302 (6th Cir.1984), *cert. denied*, 469 U.S. 1113, 105 S.Ct. 796, 83 L.Ed.2d 789 (1985) (quoting *Blake*, 612 F.2d at 722); *see also Jacintoport Corp. v. Greater Baton Rouge Port Comm'n*, 762 F.2d 435 (5th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 797, 88 L.Ed.2d 774 (1986); *George R. Whitten, Jr., Inc. v. State University Constr. Fund*, 493 F.2d 177 (1st Cir.1974). The entity's financial and operational autonomy is often one of the most significant of the factors. *See, e.g., Blake*, 612 F.2d at 723 & 725;

*Jacintoport Corp.*, 762 F.2d at 440 & 442; *Laje v. R.E. Thomason Gen. Hosp.*, 665 F.2d 724, 727 (5th Cir.1982); *cf. George R. Whitten, Jr. Inc.*, 493 F.2d at 180. Financial autonomy is important even when the plaintiff is primarily requesting injunctive relief. *Cf. Jacintoport Corp.*, 762 F.2d 435.

**5.** 23 L.P.R.A. § 671a.

**6.** 23 L.P.R.A. § 671k.

**7.** 23 L.P.R.A. § 671b.

**8.** 23 L.P.R.A. § 671c.

**9.** 23 L.P.R.A. § 671d; *see generally Hall*, 742 F.2d at 306 (discussing operational autonomy); *DeSantis v. Ricci*, 614 F.Supp. 415, 421 (D.C.N.J. 1985) (same).

**10.** 23 L.P.R.A. § 671d(e).

**11.** 23 L.P.R.A. § 671d(f).

**12.** 23 L.P.R.A. § 671d(g).

make loans and issue bonds.[13] The Company is largely funded through the monies it receives as a result of its slot machine concessions.[14] Although the Company exercises a traditional governmental function in its promotion of tourism and oversight of gambling within Puerto Rico,[15] its activities as a purchaser and supplier of slot machines are not alien to a proprietary function.[16] Finally, we emphasize, as pointed out earlier, that the Commonwealth of Puerto Rico has declared that it will not be responsible for the debts of the Company and that the creditors of the Company may look only to the Company for satisfaction of its debts.[17] These factors point toward the conclusion that the Tourism Company is not an arm of the state.

It must be admitted, however, that several factors point toward a contrary conclusion. The Company is by statute an "instrumentality of the Government of Puerto Rico",[18] and its property is exempt from Puerto Rico taxes and fees.[19] The Company may exercise the power of eminent domain.[20] The Comptroller of Puerto Rico examines the financial records of the Com-

pany once a year,[21] and the Company submits financial and progress reports to the Governor at the beginning of each legislative session.[22]

■ Although the factors weigh in favor of finding that the Tourism Company is not an arm of the state, we are not prepared at this point to make such a finding. Such a finding would be premature given the dearth of information in the record concerning the crucial factor of the actual day-to-day financial and operational autonomy of the Company. The record is surprisingly sparse as to the extent of governmental control. Significant in this respect is whether the Company continues to receive significant funding or support from the Commonwealth of Puerto Rico and whether the Governor or anyone in his administration exerts significant direct influence over the daily operations of the Company.[23] The decision whether a state institution or entity is an arm of the state for Eleventh Amendment purposes should not be made without a full examination of all the factors.[24] We therefore remand this mat-

**13.** 23 L.P.R.A. § 671d(*l*).

**14.** *See* 15 L.P.R.A. § 74.

**15.** 23 L.P.R.A. § 671e; 15 L.P.R.A. § 76a. *See Rosenthal v. Nevada,* 514 F.Supp. 907, 913 (D.Nev.1981) (Nevada Gaming Commission and State Gaming Control Board are arms of the state); *see also Production & Leasing, Ltd. v. Hotel Conquistador, Inc.,* 709 F.2d 21, 21–22 (9th Cir.1983) (per curiam) (same). *But cf. Rhode Island Affiliate, American Civil Liberties Union, Inc. v. 'Rhode Island Lottery Comm'n,* 553 F.Supp. 752 (D.R.I.1982) (Rhode Island Lottery Commission does not enjoy Eleventh Amendment immunity).

**16.** 15 L.P.R.A. § 71.

**17.** 23 L.P.R.A. § 671k.

**18.** 23 L.P.R.A. § 671a.

**19.** 23 L.P.R.A. § 671*o*.

**20.** 23 L.P.R.A. § 671*l*. *But see C.H. Leavell & Co. v. Board of Comm'rs,* 424 F.2d 764 (5th Cir.1970) (agency with power to acquire property by eminent domain found not to be an arm of the state); *Laje,* 665 F.2d 724 (same).

**21.** 23 L.P.R.A. § 671i. This, however, is apparently nothing more than a routine audit. *See*

*Tradigrain, Inc. v. Mississippi State Port Auth.,* 701 F.2d 1131, 1137 (5th Cir.1983) (Thornberry, J., dissenting) (that state conducts routine audit is relatively insignificant factor in assessing whether an entity is an arm of the state).

**22.** 23 L.P.R.A. § 671j.

**23.** A decision on the status of the Tourism Company would also be premature for another reason. Perhaps as a tactical maneuver, Ainsworth waited until its reply brief to argue in earnest that the Company is not an arm of the state. As a result, the appellees have not had an opportunity to argue the issue. In these circumstances it would be unfair to rule in favor of Ainsworth without giving the appellees the opportunity to rebut Ainsworth's arguments.

**24.** *See generally Blake,* 612 F.2d 718 (remanding to the district court the question whether the Public School Employees' Retirement Board of Pennsylvania is an alter ego of the state).

The appellees rely on *Rosado Maysonet v. Solis,* 409 F.Supp. 576 (D.P.R.1975), and *Nadal v. Puerto Rico Tourism Development Co.,* 399 F.Supp. 1222 (D.P.R.1975), for the position that the Tourism Company is protected by the Eleventh Amendment. In both cases, the district court held that the Tourism Company's predecessor was not a "person" under 42 U.S.C.

ter to the district court for a full hearing on the Eleventh Amendment issue.

■ The district court also decided that Ainsworth's action should be dismissed because Ainsworth failed to exhaust its administrative remedies. We conclude, however, that it would be inappropriate for this court to reach that issue. Although the Eleventh Amendment issue is jurisdictional in nature,[25] the requirement that a plaintiff exhaust its administrative remedies is not a strict *jurisdictional* requirement in this case.[26] A court must determine whether it has jurisdiction before it can proceed to the merits. Because it is not clear that the Eleventh Amendment does not bar Ainsworth from pursuing this action in federal court, we conclude that it would be inappropriate to reach the exhaustion issue.

We recognize that this action may become moot before it is fully resolved. Ainsworth has requested only a declaratory judgment and an injunction awarding the contract in question to it. This controversy would therefore arguably be moot if the contract in question were performed before the controversy was resolved by the courts, because no appropriate relief could be granted.[27] We have been informed by counsel that performance is well under way and will be completed shortly. Although we could issue an injunction and stay the completion of the contract pending disposition of this action, it is clear that Ainsworth does not come close to meeting the requirements necessary for such a stay.

■ The parties agree that the applicable standards for a party seeking such a stay are 1) a strong showing that he is likely to succeed on the merits, 2) a showing that unless a stay is granted he will suffer irreparable injury, 3) a showing that no substantial harm will come to the other interested parties, *and* 4) a showing that a stay will do no harm to the public interest.[28] In denying Ainsworth's motion for a stay of performance of the contract pending appeal, we concluded that there was no significant likelihood of irreparable harm if the stay was not granted. Turning to the remaining requirements, we conclude that Ainsworth has failed to establish any of them.

Although Ainsworth may succeed on its Eleventh Amendment argument, there is little possibility that it will succeed on the merits because the district court's decision to dismiss on the grounds of exhaustion is almost certainly correct—although it would be premature for this court to affirm the dismissal of Ainsworth's action on that ground at this time. Ainsworth has argued that the district court's decision was incorrect because the appeal bond that it

§ 1983. The appellees apparently argue that these cases support the position that the Tourism Company is properly characterized as an arm of the state rather than as a political subdivision, because political subdivisions are "persons" under § 1983, *see, e.e., Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 2019, 56 L.Ed.2d 611 (1978), and states are not, *see, e.g., Thompson v. New York,* 487 F.Supp. 212, 226 (N.D.N.Y.1979). *But see, e.g., Marrapese v. Rhode Island,* 500 F.Supp. 1207, 1212 (D.R.I.1980) (states are "persons" under § 1983).

The flaw in this argument, however, is that *Rosado Maysonet* and *Nadal* were both decided before the Supreme Court overturned *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and held that political subdivisions *are* "persons" under § 1983. *See Monell,* 436 U.S. 658. When *Rosado Maysonet* and *Nadal* were decided, neither the states nor their political subdivisions were "persons" under § 1983. *Rosado Maysonet* and *Nadal* did not, therefore, address whether the Tourism Company should be characterized as an arm of the state or as a

political subdivision. As such both cases are inapposite.

**25.** *Pennhurst State School & Hosp.,* 465 U.S. at 100, 104 S.Ct. at 908; *Clay,* 728 F.2d at 715.

**26.** *Holloway v. Gunnell,* 685 F.2d 150, 152 n. 2 (5th Cir.1982); *South Dakota v. Andrus,* 614 F.2d 1190, 1192 n. 1 (8th Cir.), *cert. denied,* 449 U.S. 822, 101 S.Ct. 80, 66 L.Ed.2d 24 (1980). Although an exhaustion requirement may be jurisdictional in nature when the plaintiff's cause of action is provided by a statute that also establishes a scheme of administrative remedies and requires that the plaintiff exhaust these remedies before seeking judicial relief, this case does not involve such a statute.

**27.** *See Fauconniere Mfg. Corp. v. Secretary of Defense,* 794 F.2d 350, 351–52 (8th Cir.1986); *James Luterbach Constr. Co. v. Adamkus,* 781 F.2d 599, 602–03 (7th Cir.1986).

**28.** *See Martinez Rodriguez v. Jimenez,* 537 F.2d 1, 2 (1st Cir.1976).

filed was proper and, alternatively, the appeal bond requirement is unreasonable or unconstitutional. We have examined these arguments and conclude none of them likely has any merit.[29]

Ainsworth has also failed to show that a stay will not significantly harm other interested parties or the public interest. Indeed, the record shows that a stay would in fact cause such harm. According to sworn and uncontradicted affidavits, the previous delay caused by the Bid Appeal Board's stay cost the Tourism Company and the Commonwealth of Puerto Rico approximately $790,000 per month.[30] Although a delay in the performance of the contract at this point would likely not be as costly, there is no question that the revenue loss caused by a delay would be substantial.

Because Ainsworth has failed to meet the four requirements necessary for a stay, we conclude that a stay of the performance of the contract would be inappropriate.

### CONCLUSION

We conclude that the district court failed to apply the proper test in determining whether the Tourism Company is protected by the Eleventh Amendment. The record is, however, insufficient for this court to apply that test. We therefore reverse the decision of the district court and remand this matter to the district court for further proceedings not inconsistent with this opinion.

---

29. Ainsworth has also argued that the administrative remedies available were inadequate. We conclude that this argument is also likely without merit.

30. The record is, however, unclear as to whether any portion of this loss was offset by the operation of slot machines that would have been replaced. Because Ainsworth has made no attempt to argue this point, we assume that the amount being offset is relatively insignificant.