Gerald **HAYES**, Plaintiff-Appellant,

v.

**CONSOLIDATED SERVICE CORPORATION et al.,**
**Defendants-Appellees.**

No. 75–1032.

United States Court of Appeals,
First Circuit.

Argued April 10, 1975.

Decided June 4, 1975.

Stephen J. Kehoe, with whom Holbein & Kehoe, Lynn, Mass., was on brief, for plaintiff-appellant.

Robert F. Muse, Boston, Mass., for Local 254, Building Service Employees, etc., and others, defendants-appellees.

Robert J. Glass, Boston, Mass., with whom Robert W. Garrett and Nutter, McClennen & Fish, Boston, Mass., were on brief, for Consolidated Service Corporation, defendant-appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

Plaintiff Hayes was employed as a window washer by defendant Consolidated and belonged to the defendant union, of which the two individual defendants are officials. He was discharged in January 1973 and brought suit under 29 U.S.C. § 185 alleging that the labor contract in effect between Consolidated and the union prohibited discharge without just cause, that Consolidated had no just cause to discharge him, and that the union defendants improperly refused fairly to represent him in his efforts to obtain redress from Consolidated. Hayes also alleged that defendants cooperated in improperly disciplining him for the exercise of rights protected by 29 U.S.C. § 411, stating claims under 29 U.S.C. §§ 412 and 529. He sought injunctive relief and back pay. Defendants filed motions to dismiss for lack of subject matter jurisdiction on the ground that no contract covered the period during which the events complained of occurred, but the motions were denied. The parties engaged in extensive pretrial discovery. A jury was empanelled pursuant to Hayes' timely demand, and at the start of trial the court directed the parties to present all their evidence on the question of the coverage of the contract, advising them that it would then determine jurisdiction. After this evidence had been submitted[1] the court ruled that no collective bargaining agreement covered the relevant period and dismissed the action for want of jurisdiction.

Hayes contends that the court erred in refusing to submit the question of the contract's coverage to the jury. We do not pass on the propriety of taking this question of fact from the jury and treating it as jurisdictional. Instead we assume that it was a jury question and review the district court's ruling as if. it had directed a verdict on the issue. *See* Freeman Contractors, Inc. v. Central

1. The evidence revealed that a prior contract had expired in October and had been extended a month, and that union jurisdictional disputes prevented the execution of the successor contract until March.

Sur. & Ins. Corp., 205 F.2d 607, 612–13 (8th Cir. 1953). Under this analysis, the standard of review which the district court's ruling must meet is whether there was sufficient evidence to support a jury verdict to the contrary.

■■ Hayes notes that the second labor contract bears an effective date in November though it was not executed until March. This fact alone, he contends, constitutes substantial evidence that rights and duties under the contract were intended to be retroactive, though an "Agreement Concerning Retroactivity" appended to the contract provides that "retroactivity as provided under the agreement" be paid to employees on the payroll as of the date of execution, making no reference to any other sort of retroactivity. Here we are handicapped by the lack of a transcript. The testimony was apparently undisputed that the union was free to strike in the interim despite the fact that both contracts contained no-strike clauses, and union dues deducted after the expiration of the contract were refunded. The court found on the basis of this evidence that no contract covered the interim period, and we cannot conclude on the truncated record before us that any other inference would have been permissible. Although it has been held that the duty of furnishing a complete record lies with appellee where erroneous denial of jury trial is alleged to be harmless, see Union Pacific R. R. v. Bridal Veil Lumber Co., 219 F.2d 825, 833 (9th Cir. 1955), cert. denied, 350 U.S. 981, 76 S.Ct. 466, 100 L.Ed. 849 (1956), we think the circumstances in that case are distinguishable.[2] Rule 10(b) FRAP, "imposes a burden upon [the appellant] to print all of the evidence, good and bad, material to the point he wishes to raise," Chernack v. Radlo, 331 F.2d 170, 171 (1st Cir. 1964); Valley Stream Flooring Corp. v. Green Manor Const. Co., 336 F.2d 6 (1st Cir. 1964); see also Whitsell v. Alexander, 229 F.2d 47 (7th Cir. 1956); 9 J. Moore, Federal Practice ¶ 210.06[1] (1973).

■■ We note that the contract question is irrelevant to Hayes' claim under 29 U.S.C. §§ 412 and 529, and its adverse resolution has no effect on them. As a matter of law no relief can be granted under these provisions against an employer, see Duncan v. Peninsula Ship Builders Association, 394 F.2d 237, 239–40 (4th Cir. 1968); Thompson v. New York Central R. R., 361 F.2d 137, 145 (2d Cir. 1966), and the court's dismissal was proper as to Consolidated. We reject the union defendants' contention that Hayes waived his claim in his opening statement characterizing the discharge as the "nub" of his complaint, nor did he have any duty to reassert the claim when the judge decided the contract question. Hence it was error to dismiss the action against them in its entirety.

Affirmed in part and reversed in part. Remanded for further proceedings consistent with this opinion.

2. There the jury answered in the negative a series of special interrogatories as to defendant's negligence but left one such query unanswered. The trial court then elected to "go it alone" and itself answered the interrogatory in the negative. The court of appeals held that the interrogatory should have been resubmitted to a jury. In response to defendant's contention in its petition for rehearing that the error was harmless because the evidence adduced at trial would not have supported any other reply, the court observed that defendant could have demonstrated this fact by including the requisite portion of the transcript in the record on appeal. Having failed to do so it was not entitled to raise the argument. The court presumed that since the trial court had submitted the question to the jury once, there was sufficient evidence to support a finding either way and it would not presume the error harmless. In the present case the court announced before trial that it would determine the jurisdictional issue itself, so no such presumption arose. Moreover, the Ninth Circuit had not adopted the principle that the burden of showing prejudice rests with the appellant. But see 9 J. Moore, Federal Practice ¶ 210.-05[3] n. 8 (1973). Finally, since appellant should be aware that the denial of jury trial will be reviewed as a directed verdict if erroneous, it does not seem unfair to place the cost of providing a transcript on him in the first instance in accordance with the general presumption of Fed.R.App.P. 10(b).