**COMMITTEE ON CIVIC RIGHTS OF the FRIENDS OF the NEWBURY-PORT WATERFRONT et al., Plaintiffs-Appellants,**

v.

**George ROMNEY et al., Defendants-Appellees.**

No. 74–1285.

United States Court of Appeals, First Circuit.

Argued April 7, 1975.

Decided June 13, 1975.

Robert S. Wolfe, Boston, Mass., and William R. Harris, Los Angeles, Cal., with whom Sriberg, Berman & Wolfe, Boston, Mass., was on brief, for plaintiffs-appellants.

Hugh J. Doyle, Newburyport, Mass., for defendants-appellees.

Before COFFIN, *Chief Judge*, McENTEE and CAMPBELL, *Circuit Judges*.

PER CURIAM.

This is an appeal from an order of the district court denying a motion for allowance of expenses and attorneys' fees.

The Committee on Civic Rights of 'the Friends of the Newburyport Waterfront, several individuals, and a historical group initiated an action against the Newburyport Redevelopment Authority (NRA) and certain of its members, the Department of Housing and Urban Development (HUD) and certain of its officials, and three private corporations, including the Merrimac & Atlantic Corporation, the developer of parcel 8 in the

disputed Central Business Urban Renewal project. Plaintiffs sought to enjoin work on the project under four counts: (1) to compel HUD and NRA to establish a committee of residents to consult on the effects of the project pursuant to 42 U.S.C. §§ 1450, 1451(c) & (e); (2) to compel HUD to prepare an environmental impact statement pursuant to the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4332 et seq. before disbursing further federal funds or conveying property for the project; (3) to prevent commencement of construction on parcel 8 prior to review by the Advisory Council on Historical Preservation pursuant to the National Historical Preservation Act (NHPA), 16 U.S.C. §§ 470a–m; and (4) to prevent NRA from trespassing on or obstructing certain public ways and parks allegedly not owned by NRA. The district court dismissed count 3 as moot after Advisory Council hearings occurred and a report was issued. The court dismissed count 4 for lack of subject matter jurisdiction. After a hearing the court granted defendants' summary judgment motion on count 1 and granted plaintiffs' summary judgment motion on count 2.

Subsequently plaintiffs filed a motion for allowance of expenses and attorneys' fees against NRA and the Merrimac & Atlantic Corporation. Plaintiffs argued that this litigation resulted in public benefit, and that both NEPA and NHPA represent strong congressional policies dependent on enforcement by private attorneys' general. The district court, while rejecting defendants' contention that attorneys' fees should never be awarded on the private attorneys' general rationale, concluded that several factors made such an award inappropriate in this case. This appeal followed, and plaintiffs contend that the district court erred in its findings and conclusion not to make an award.

Although this court has upheld district court awards of attorneys' fees on the public benefit-private attorneys' general rationale in the past, see, e. g., Hoitt v. Vitek, 495 F.2d 219 (1st Cir. 1974);

Knight v. Auciello, 453 F.2d 852 (1st Cir. 1972), the Supreme Court has recently foreclosed awards of attorneys' fees by federal courts on that basis. Alyeska Pipeline Service Co. v. The Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The Court in Alyeska Pipeline stated that in the absence of express statutory authorization for the granting of attorneys' fees, federal courts have the power to award fees only in cases of bad faith or of benefit to a limited class of special beneficiaries against whom the award is taxed.

In this case we find no basis for an award under either of these exceptions to the general American rule that the prevailing party may not recover attorneys' fees as costs or otherwise. Nor do the relevant statutes here, NEPA and NHPA, provide for either discretionary or mandatory awards of attorneys' fees. We therefore hold that the district court did not err in denying the motion for an award of attorneys' fees, and need not review the specific factors underlying the district court's refusal to allow fees.

Affirmed.