Victor RIVERA MORALES,
Plaintiff-Appellant,

v.

Celeste BENITEZ de REXACH et al.,
Defendants-Appellees.

Esther PEDROZA GABRIEL,
Plaintiff-Appellee,

v.

Celeste BENITEZ, Defendant-Appellant.

Nos. 75–1190, 75–1265.

United States Court of Appeals,
First Circuit.

Heard Feb. 4, 1976.

Decided Sept. 14, 1976.

Francisco A. Rosa Silva, Hato Rey, P. R., with whom Rieckehoff, Calderon, Rosa Silva & Vargas, Hato Rey, P. R., was on briefs for appellee Celeste Benitez de Rexach.

Robert E. Schneider, Jr., Santurce, P. R., for appellant Victor Rivera Morales.

Before COFFIN, Chief Judge, MATTHES,* Senior Circuit Judge, and CAMPBELL, Circuit Judge.

* Of the Eighth Circuit, sitting by designation.

MATTHES, Senior Circuit Judge.

The Supreme Court of the United States, in *Elrod v. Burns*, —— U.S. ——, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) considered and decided the question "whether public employees [sic] who allege they were discharged or threatened with discharge solely because of their partisan political affiliation or nonaffiliation state a claim for deprivation of constitutional rights secured by the First and Fourteenth Amendments." 96 S.Ct. at 2678. The Court ruled that certain patronage employees may obtain damages or injunctive relief (or both) if they are discharged solely for political reasons.

The issue in *Elrod* is the subject of this litigation. The cases were tried separately before different judges. Victor Rivera Morales, appellant in No. 75–1190, was unsuccessful, the district court finding that he was a policy-making employee and not protected from discharge. On the other hand, Esther Pedroza Gabriel, appellee in No. 75–1265, was awarded damages and attorney's fees. The cases are here on separate appeals taken by the unsuccessful parties. Because the appeals present a common issue, we dispose of both in this consolidated opinion.

### No. 75–1190

This controversy was triggered by a change in the administration in the Office of the Secretary of Education of the Commonwealth of Puerto Rico. Mr. Rivera Morales had been an Assistant Secretary of Education in the previous administration. Shortly after Benitez took office as the new Secretary of Education on January 3, 1973, Rivera Morales was discharged, apparently without cause.

Suit was instituted, jurisdiction being alleged under 42 U.S.C. §§ 1981–85 and 28 U.S.C. §§ 1331–43.

After one witness had testified for Rivera Morales, the district court stated it was prepared to dismiss the action upon a motion for summary judgment. On the basis of the oral testimony of plaintiff's own witness concerning the duties of the Secretary and Assistant Secretaries, it concluded that plaintiff in his former position had made policy decisions of a minor nature and accordingly, granted defendant's motion for summary judgment.

 As we have noted, the motion that was made at the invitation of the trial judge was for summary judgment. In ruling on a Rule 56 motion the court cannot resolve factual issues, but is empowered only to determine whether there are factual issues to be tried. In contrast, Rule 41(b) contemplates a motion to dismiss at the close of plaintiff's evidence on the ground that upon the facts and the law plaintiff has shown no right to relief.[1] The record shows that in ruling on the motion the trial judge considered the evidence and resolved the controlling factual question against plaintiff. In ascertaining the basis of the judgment, we look through form to substance. Under these circumstances, we find no difficulty in applying to such a motion the standards of review that are pertinent to Rule 41(b). Thus we determine only whether the findings are clearly erroneous, in the same way as those entered at the close of all the evidence.[2] *See Woods v.*

---

[1.] Inasmuch as plaintiff did not order a transcript of the trial court proceedings, we assume that the motion was properly made and ruled upon after the close of plaintiff's evidence. Under Fed.R.App.P. 10(b), appellant, if he intends to urge on appeal that a finding or conclusion is unsupported by or contrary to the evidence, bears the burden of including in the record a transcript of all relevant evidence. *See United States v. One Motor Yacht Named "Mercury"*, 527 F.2d 1112 (1st Cir. 1975); *Hemming v. United States*, 409 F.2d 11, 12 (5th

Cir. 1969) (per curiam); *Green v. Aetna Ins. Co.*, 397 F.2d 614, 618–19 (5th Cir. 1968).

[2.] Rule 41(b) provides that the court shall make findings as provided in Rule 52(a) if it renders judgment on the merits against the plaintiff. While the district court did not file formal written findings of fact, any error in failing to do so is harmless inasmuch as it is clear from the opinion delivered from the bench that the trial judge resolved the controlling factual issue against plaintiffs. *See Swanson v. Levy*, 509 F.2d 859, 861 (9th Cir. 1975).

*North American Rockwell Corp.*, 480 F.2d 644, 646 (10th Cir. 1973).

While we do not have a transcript, the parties are agreed that the primary thrust of Dr. Mellado's testimony was that plaintiff's position was one of trust, involving minor policy-making functions. The trial judge's findings on the controlling factual issue, being wholly consistent with the witness' testimony, compels the conclusion that plaintiff was not protected against partisan discharge under the rule enunciated in *Elrod.*

For the foregoing reasons, the judgment of the district court dismissing plaintiff's complaint is affirmed.

## No. 75-1265

The change in the political complexion in the Office of the Secretary of Education also led to the dismissal of appellee Pedroza Gabriel from her position as Field Coordinator of the Staff Development Project for Puerto Rico. The district court held that the discharge was politically motivated and thus violative of her rights to free speech and association as secured by the first and fourteenth Amendments to the United States Constitution. We affirm, except as to the allowance of attorney's fees.

### I.

Pedroza Gabriel served as Field Coordinator for Puerto Rico of the Staff Development Project, a United States Department of Health, Education, and Welfare funded project for the training of adult educators. The initial appointment was for a one-year period ending June 30, 1973. In that position, she was an untenured public employee under Commonwealth law and was subject to termination at will and without cause.

Approximately five months after appellant Benitez took office as Secretary of Education, Pedroza Gabriel was notified by letter of Benitez's decision not to renew her

appointment after the June 30 expiration date. No reasons were given for the decision. Pedroza Gabriel then filed a complaint and amended complaint in the district court seeking damages and reinstatement.[3] Jurisdiction was alleged under 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §§ 1981–85.

The case was tried to the court primarily on the theory that the nonrenewal of Pedroza Gabriel's contract was politically motivated. The evidence showed, and the court found, that Pedroza Gabriel's initial appointment was for the fiscal year only, but that she was led to understand that the Staff Development Project was a three-year program and that she would remain as Field Coordinator for the duration, assuming only that the project would continue to be funded. After the new administration came into office, Pedroza Gabriel was not allowed to attend staff meetings or communicate directly with the program director as she had previously. The court observed that her political affiliation was known by some Departmental employees, although there was no direct proof that it was known by Benitez. It concluded, however, that the nonrenewal of Pedroza Gabriel's contract was, in fact, because of her political affiliation.

### II.

As we have noted, the primary question for the district court's consideration was whether the discharge was politically motivated.

A detailed review of the evidence would serve no useful purpose. It is sufficient to state that we have considered the record and are convinced that the court's findings and conclusions are not clearly erroneous. *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395–96, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *Martin v. Vector Co., Inc.*, 498 F.2d 16, 22 (1st Cir. 1974); Fed.R.Civ.P. 52(a),[4] and therefore affirm as to the discharge issue.

3. Gabriel later dropped her claim for reinstatement.

4. Defendant raises, for the first time on appeal, a contention that Pedroza Gabriel was a policy-

making employee and therefore outside the limits of constitutional protection. The testimony concerning the qualifications for and responsibilities of, her post did not focus on this question, and conflicting inferences are possi-

## III.

▓▓▓ Appellant's remaining contentions relate to the issues of damages and attorney's fees.

The trial judge awarded damages as follows:

| | | |
|---|---|---|
| 1. | Loss of income | |
| | a. Year 1973–74 | $ 4,280.00 |
| | b. Year 1974–75 | $ 3,180.00 |
| 2. | Mental Pain and Suffering | $10,000.00 |
| | | $17,460.00 |

The trial judge computed the amount of damages for loss of income by deducting Pedroza Gabriel's salary in her permanent position to which she returned from the salary she was earning as Field Coordinator: $1,030.00 monthly. It is appellant's theory that Pedroza Gabriel's damages were the difference between her salary in her permanent position and that earned by the successor: $930.00. We disagree. In the case of injury of an economic nature the injured party is to be placed as near as possible in the situation he would have been in had the wrong not occurred. *See Albermarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). The minimum monthly salary for an employee classified, like plaintiff, as Executive Director III was $1,030.00. *See* App. at 219. There is no evidence of record showing that Pedroza Gabriel was subject to demotion to the classification, Executive Director I, which had a minimum monthly salary of $930.00. This is refuted by the unrebutted evidence of plaintiff's excellent job performance.

▓▓▓ Appellant also urges that the $10,000 award for mental pain and suffering was excessive. It has been stated on numerous occasions that once the fact of damage is established, the trial judge has much latitude in fixing the amount of dam-

ages, *see, e. g., Clements Auto Co. v. Service Bureau Corp.*, 444 F.2d 169, 190 (8th Cir. 1971). The evidence to prove that Pedroza Gabriel suffered mental pain is not strong, indeed we are constrained to observe that the court's award was liberal. Nevertheless, we have recognized that a plaintiff in a civil rights action who proves only "an intangible loss of civil rights or purely mental suffering" may be awarded substantial compensatory damages. *See Magnett v. Pelletier*, 488 F.2d 33, 35 (1st Cir. 1973). There is sufficient evidence of record on this issue to prevent us from holding that the trial judge was clearly erroneous in compensating plaintiff in the amount provided. *See Waterman S. S. Corp. v. Rodriguez*, 290 F.2d 175, 180–81 (1st Cir. 1961), *citing Alexander v. Nash-Kelvinator Corp.*, 271 F.2d 524 (2d Cir. 1959); Fed.R.Civ.P. 52(a).

▓▓▓ Finally, appellant contends that the award of attorney's fees in the amount of $3,000.00 was improper. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141, has now conclusively established that except when the losing party has acted in bad faith, vexatiously, or in wanton disregard for a plaintiff's established constitutional rights, an award of attorney's fees must be expressly authorized by statute or by a valid contract between the parties. *See also Cordeco Development Corp. v. Santiago Vasquez*, 539 F.2d 256 at 262–63 (1st Cir. 1976); *Committee on Civic Rights of Friends v. Romney*, 518 F.2d 71 (1st Cir. 1975) (per curiam). There is no finding by the trial judge, nor any evidence of bad faith on the part of appellant Benitez. We are persuaded, therefore, to reverse the award of attorney's fees.

For the reasons stated, the judgment of the district court is modified by vacating the award for attorney's fees and, as modified, the judgment is affirmed.

---

ble. It is to be noted that Pedroza Gabriel's position was at an echelon lower than Rivera Morales' and that the defendant stressed the

issue of Rivera Morales' policy-making functions from the outset. We see no plain error.