**Angel MENENDEZ VAZQUEZ,**
**Plaintiff, Appellee,**

v.

**Manuel APONTE BORRERO et al.,**
**Defendants, Appellants.**

**No. 78-1323.**

United States Court of Appeals,
First Circuit.

Submitted Oct. 10, 1980.

Decided Dec. 3, 1980.

Justo Gorbea Varona, Acting Sol. Gen., and Lorraine Riefkohl De Lopez, Asst. Sol. Gen., Dept. of Justice, San Juan, P. R., for defendants, appellants.

Jesus Hernandez Sanchez, San Juan, P. R., on brief for plaintiff, appellee.

Before COFFIN, Chief Judge, and CAMPBELL and BOWNES, Circuit Judges.

PER CURIAM.

Plaintiff-appellee Angel Menendez Vazquez brought this action in the district court under 42 U.S.C. § 1983 alleging that defendants had caused his dismissal from municipal employment in violation of his first amendment rights. Plaintiff claimed that defendants, members of the municipal administration of Bayamon, Puerto Rico, conspired to dismiss him from his job because plaintiff refused to change his political affiliation. A jury found for plaintiff in May, 1978, awarding $15,000 damages against each of the three defendants. Subsequently, plaintiff accepted a remittitur reducing damages to $5,000 per defendant.

In August 1978 defendants-appellants designated various portions of the record to be included in the appendix. Appellants omitted the testimony of plaintiff's four witnesses. Plaintiff-appellee timely counter-designated this testimony. An August 30, 1978 order of this court denied two of appellee's motions relating to independent production of his witnesses' testimony, noting that "appellee has included in his counter-designation the material referred to in said motions and pursuant to F.R.A.P. Rule 30(b) 'the appellant shall include in the appendix the parts thus designated.' "

During the next two years appellants were granted numerous extensions of time for filing their brief because the court reporter had not produced the transcript. On May 1, 1980 appellants moved for another extension representing that the reporter "delivered only a *partial* transcript." (emphasis in original). A motion to the same effect dated June 5, 1980 represented that the reporter "delivered only the transcript of defendant's witnesses" in spite of his promise "that the transcript [of] plaintiffs' witnesses would be ready for June 1, 1980 . . . ." Yet another motion to the same effect, dated June 19, elicited from appellee a motion to dismiss on grounds that appellants were culpable in failing to complete the record. On July 1, this court entered an order which read in part:

> "The matter of the continuing unavailability of the transcript and the charge that appellants have been derelict in giving instructions to the court reporter and in making arrangements for the payment of the court reporter's fees and the request that 'severe penalties be imposed upon appellants for their contumacious behavior' is referred to the district court, and
>
> "The district court is requested to make available to this Court its findings in connection with this matter."

The district court held a hearing on July 11. Appellants' counsel asserted rather implausibly that they were initially unaware of any obligation to produce a transcript of plaintiff's witnesses. "After a thorough search of the file" at some unspecified time appellants became aware of their obligation to produce a transcript. They "then" requested the transcript from the reporter but he had not yet produced it due to a backlog of other work. Appellant's counsel also stated:

> "We are willing to file the brief with only defendants' testimony, that is our witnesses, we are willing to do so but we thought that it would be better for the Court of Appeals to have the whole transcript. But if plaintiff withdraws his motion for their testimony, we are willing to file the brief immediately, we have it

finished. We have defendants' testimony, we are only waiting for what exactly is going to be done."

The following exchange then took place between the district judge and counsel for appellee:

> THE COURT: Do you have your transcript?
>
> MR. HERNANDEZ: No, we don't have the transcript.
>
> THE COURT: Are you requesting more transcript?
>
> MR. HERNANDEZ: No, your Honor.
>
> THE COURT: You don't want anything more?
>
> MR. HERNANDEZ: No, sir.

Appellee's attorney twice subsequently affirmed that he had all the transcript he wished. The district court found as follows:

> "The Court hereby certifies, that in open Court counsel for both sides have indicated to the Court that they have all the transcript required for the filing of their appellate briefs and any further request for extension of time should be denied."

This court thereafter denied appellee's motion to dismiss and the briefing schedule was resumed.

As the briefs for both parties recognize, the transcript before this court does not contain relevant testimony of plaintiff's witnesses. Ordinarily this failure to produce the testimony would be fatal to defendants-appellants' claims that there was insufficient evidence to support the jury's findings on liability and damages. *See* Fed. R.App.P. 10(b); *Sanabria v. Longshoremen's Local 1575*, 597 F.2d 312, 313 (1st Cir. 1979); *Rivera Morales v. Benitez de Rexach*, 541 F.2d 882, 884 n.1 (1st Cir. 1976); *Hayes v. Consolidated Service Corp*, 517 F.2d 564, 566 (1st Cir. 1975); *In re Colonial Realty Investment Co.*, 516 F.2d 154, 160 (1st Cir. 1975); *Peymann v. Perini Corp.*, 507 F.2d 1318, 1321 (1st Cir. 1974), *cert. denied*, 421 U.S. 914, 95 S.Ct. 1572, 43 L.Ed.2d 780 (1975). However, in view of the colloquy at the district court hearing of July 11, quoted above, it appears that appel-

lee is at least equally culpable for the present lack of a full transcript. More precisely, the attorneys for each side seem equally negligent.

Rather than attempt to allocate fault, and thereafter enter judgment by default,* we think that the ends of justice will be better served by one last attempt to secure the full transcript of relevant evidence.

We therefore direct appellants to forthwith place a firm order with the court reporter for the full transcript of the plaintiff's witnesses' testimony, and to file in this court within ten days after receipt of the said transcript, the required number of copies of a supplemental appendix containing the transcript. The district court is requested to see that the preparation of this transcript is expedited by its court reporter. The appeal will be held in abeyance in the interim.

*So ordered.*

---

* For example, if plaintiff-appellee were adjudged more at fault, a reversal would be in order since the present record appears not to contain evidence supporting his claim. On the other hand, if appellants were deemed more at fault, an affirmance would be in order since they were in violation of Fed.R.App.P. 10(b) requiring a full transcript of relevant evidence in cases challenging the sufficiency of the evidence.