811 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeanette TOTH, Plaintiff-Appellant,
v.
AMERICAN GREETINGS CORPORATION, Defendant-Appellee.
 Nos. 85-3281, 85-3346.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1986.
 
 Before KENNEDY and MILBURN, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Jeanette Toth brings these consolidated, pro se appeals from the final judgment of the district court in this action seeking damages and reinstatement from her former employer, defendant American Greetings Corporation, for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, and the Equal Pay Act of 1963, 29 U.S.C. Sec. 206(d). For the reasons that follow, we affirm.
 
 I.
 
 2
 Plaintiff, whose national origin is Italian, was hired as a cost clerk on July 10, 1980, by defendant. On November 6, 1981, plaintiff filed a charge of national origin discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC"). The basis of plaintiff's claim was that although she performed the tasks of a cost accountant, which pays a higher salary than a cost clerk, defendant denied plaintiff consideration for promotion, while other employees received such promotions. Plaintiff further asserted that her supervisor, as well as other employees, made derogatory remarks regarding her national origin.
 
 
 3
 On December 28, 1981, and on April 5, 1982, plaintiff filed additional complaints with the EEOC alleging acts of retaliation by defendant in response to her filing the previous charges with the EEOC. On May 16, 1983, plaintiff was discharged. On June 20, 1983, plaintiff filed a fourth charge of discrimination with the EEOC alleging retaliatory discharge.
 
 
 4
 On October 28, 1983, plaintiff filed an action in the district court alleging violations of Title VII and requesting reinstatement and back pay. On March 6, 1984, the EEOC filed a complaint in the district court alleging that defendant's termination of plaintiff's employment represented a retaliatory discharge in violation of Title VII. Plaintiff then filed an Intervenor's Complaint asserting her Title VII claims as well as an equal pay claim. The two actions were subsequently consolidated by the district court.
 
 
 5
 Beginning February 21, 1985, the Title VII claims were tried to the court. Thereafter, the equal pay claim was tried to a jury. On February 27, 1985, the jury returned a verdict in favor of defendant, finding that plaintiff did not perform work of substantially equal skill or responsibility as that performed by higher paid male employees. On March 27, 1985, plaintiff filed a Notice of Appeal from the jury's verdict.
 
 
 6
 On March 28, 1985, the district court issued its Findings of Fact and Conclusions of Law in the Title VII case. The district court first held that plaintiff failed to establish a prima facie case of discrimination based upon national origin. However, the court did find that plaintiff established a prima facie case of retaliatory discharge and that defendant's proffered nondiscriminatory reason for discharging plaintiff (leaving company premises with company property) was pretextual.
 
 
 7
 In fashioning a remedy, the court based its back pay award on the stipulations of the parties. The court declined to award reinstatement because of its perception that the antagonism between the parties would only result in a renewal of their problems. Accordingly, the court determined front pay would be more appropriate. Based on plaintiff's testimony that because of her work record she had never had a problem obtaining employment, the court awarded front pay to October 1, 1985. Judgment was accordingly entered on March 29, 1985, for $28,091.00 plus costs.[1] On that same date, the court ordered that the equal pay claim be dismissed pursuant to the jury's verdict.
 
 
 8
 On April 23, 1985, plaintiff filed an Amended Notice of Appeal "from the verdict entered by a duly impaneled jury on the 27th day of February, 1985 and entered as a final judgment by this Court on March 29, 1985." Plaintiff also filed a motion for leave to appeal in forma pauperis under Fed.R.App.P. 24(a). The district court denied the motion, finding that plaintiff failed to meet the standards of poverty and that the appeal could not be certified as being in good faith. See 28 U.S.C. Sec. 1915(a). The court noted that during trial on the equal pay claim, there were no substantive objections to the evidence and that the jury instructions were reviewed with and approved by counsel prior to being read to the jury.
 
 
 9
 The record further discloses that plaintiff's trial attorney filed a Notice of Withdrawal as Attorney of Record. Counsel stated that he advised plaintiff that he believed an appeal from the jury's verdict would not be successful, that there was no error committed by the court, and that the jury's decision was not against the manifest weight of the evidence.
 
 II.
 
 10
 Plaintiff's informal briefs can be best characterized as asserting that the jury's verdict is against the weight of the evidence. However, plaintiff has not included the trial transcript in the record on appeal. Accordingly, we are unable to determine whether the jury's verdict is contrary to the weight of the evidence.
 
 Fed.R.App.P. 10(b)(2) states:
 
 11
 If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.
 
 
 12
 Where an appellant challenging the sufficiency of the evidence does not provide the court with the transcript, she "fail[s] to carry [her] burden of establishing the error [she] claims." Bonner v. Coughlin, 657 F.2d 931, 939 (7th Cir.1981) (per curiam); see also Hayes v. Consolidated Service Corp., 517 F.2d 564, 566 (1st Cir.1975) (Rule 10(b) imposes a burden on appellant to print all the evidence material to the point he wishes to raise). Accordingly, plaintiff's challenge to the jury's verdict must be rejected as unsupported.
 
 
 13
 Plaintiff's remaining arguments consist of vague complaints regarding the district court's characterization of the Title VII award and its refusal to order reinstatement. As to the latter contention, we note that although reinstatement is a presumptively appropriate remedy for a successful Title VII claimant, a district court is justified in awarding front pay in its stead where "the hostility ... between the parties precludes the possibility of a satisfactory employment relationship." Shore v. Federal Express Corp., 777 F.2d 1155, 1159 (6th Cir.1985). In the present case, the district court properly stated the basis for its calculation of front pay, and we discern no factual errors in reviewing the limited record before us.
 
 III.
 
 14
 We have otherwise reviewed the record and the briefs and have found no reversible errors. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The court subsequently increased the award to $32,042.00 based on the parties' stipulation that plaintiff was entitled to additional back pay compensation for lost overtime and pre- and post-judgment interest