UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

  

No. 95-1796

 ROBERT J. NOWD,

 Plaintiff, Appellant,

 v.

 ROBERT RUBIN, SECRETARY DEPARTMENT OF TREASURY,

 Defendant, Appellee.

  

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge] 

  

 Cyr, Boudin and Stahl,

 Circuit Judges. 

  

 Edward L. Hoban for appellant. 
 Lori J. Holik, Assistant United States Attorney, with whom Donald 
K. Stern, United States Attorney, was on brief for appellee. 

  

 February 12, 1996
  

 CYR, Circuit Judge. After securing an advantageous CYR, Circuit Judge.  

pretrial settlement of his age discrimination claim against the

Secretary of the United States Department of the Treasury,

plaintiff Robert J. Nowd, a Special Agent with the Bureau of

Alcohol, Tobacco and Firearms, unsuccessfully sought an attorney

fee award under both the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C. 621 et seq., and the Equal Access to 

Justice Act ("EAJA"), 28 U.S.C. 2412(b), then initiated the

present appeal. We vacate the district court order and remand

for further proceedings. 

 DISCUSSION  DISCUSSION  

 The district court, relying on Lewis v. Federal Prison 

Indus., Inc., 953 F.2d 1277 (11th Cir. 1992), held that neither 

the ADEA nor the EAJA authorizes an attorney fee award to a

federal employee who prevails against the United States in an age

discrimination in employment action. Nowd faults the district

court ruling in two respects. First, he contends that Lewis 

misconstrued the ADEA attorney fee provision. Second, he argues

that the Lewis reasoning does not extend to the dissimilar EAJA 

attorney fee provision.1 

A. The ADEA A. The ADEA 

 Congress enacted the ADEA in 1967 to enable legal

recourse by private sector employees subjected to age

discrimination in the workplace, see Lorillard v. Pons, 434 U.S. 
  

 1We review the challenged statutory interpretations de novo. 
See Riva v. Commonwealth of Mass., 61 F.3d 1003, 1007 (1st Cir. 
1995).

 2

575, 577-81 (1978), by providing that "the court[s] shall have

jurisdiction to grant such legal or equitable relief as may be 

appropriate to effectuate the purposes of [the ADEA], including 

without limitation judgments compelling employment, reinstatement

or promotion." 29 U.S.C. 626(b) (emphasis added); see also id. 

 626(c)(1) ("Any person aggrieved may bring a civil action in

any court . . . for such legal or equitable relief as will 

effectuate the purposes of this chapter.") (emphasis added). 

ADEA 626(b) expressly incorporated particular provisions of the

Fair Labor Standards Act ("FLSA"), including FLSA 216(b) which

states that "[t]he court . . . shall, in addition to any judgment 

awarded to the plaintiff or plaintiffs, allow a reasonable

attorney's fee to be paid by the defendant." 29 U.S.C. 216(b)

(emphasis added). 

 It was not until 1974, see id. 633a, that certain 

federal government employees became entitled to protection under

the ADEA. Lewis, 953 F.2d at 1281. Moreover, Congress did not 

explicitly extend the FLSA attorney fee provision, viz., FLSA 

216(b), to public sector employees, as it had done earlier with

respect to private sector employees. Id. Finally, subsection 

633a(f) flatly states that any ADEA claim brought by a public

sector employee under new section 633a is neither affected by nor

subject to "any provision of . . . [the ADEA], other than the

provisions of section 631(b) of this title [pertaining to age

limits] and the provisions of this section [633a]." 29 U.S.C. 

633a(f); see also Lewis, 953 F.2d at 1281.  

 3

 4

 Nowd nonetheless argues that subsection 633a(c),

authorizing "such legal or equitable relief as will effectuate

the purposes of [the ADEA]," should be read to empower an award

of attorney fees against the United States. We do not agree. 

 For one thing, the explicit restriction set forth in

subsection 633a(f) at the time that section 633a (including

subsection 633a(c)) was enacted, plainly provides that section

633a is a self-contained provision applicable exclusively to ADEA

claims against public sector employers. Lewis, 953 F.2d at 1281- 

82; see Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981) (holding 

that federal employees do not have the right to jury trial

available to private sector ADEA claimants). Second, under the

so-called "American Rule," parties in litigation ordinarily bear

their own attorney fees. See BTZ, Inc. v. Great Northern Nekoosa 

Corp., 47 F.3d 463, 465 (1st Cir. 1995); Committee on Civic 

Rights of the Friends of Newburyport Waterfront v. Romney, 518 

F.2d 71, 72 (1st Cir. 1975). Exceptions normally obtain only for

fee shifting awards expressly authorized by statute. Id. (citing 

Alyeska Pipeline Serv. Co. v. The Wilderness Soc'y, 421 U.S. 240 

(1975)). Third, the availability vel non of attorney fees under 

section 633a directly implicates the doctrine of sovereign

immunity. See United States v. Horn, 29 F.3d 754, 761 (1st Cir. 

1994) (citing Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 

(1983)). Absent an express and unequivocal waiver, the United 

States is immune from suit. Id. at 761-62; see also Lehman, 453 

U.S. at 160-61. Waivers of sovereign immunity are to be strictly

 5

construed in favor of the United States and "must not be enlarged

beyond such boundaries as [the statute's] language plainly

requires." Horn, 29 F.3d at 762 (citing United States v. Nordic 

Village, Inc., 503 U.S. 30, 33-34 (1992)); cf. Lehman, 453 U.S. 

at 160-61 (limiting right to jury trial under ADEA). 

 The generalized language in subsection 633a(c)

(authorizing "such legal or equitable relief as will effectuate

the purposes of [the ADEA]") is insufficient to overcome either

the American Rule or sovereign immunity. Whatever else the

Congress may have intended to accomplish by its enactment of

subsection 633a(c), it made no express reference to attorney fee 

awards against the United States. Furthermore, the broad

language in subsection 633a(c) relied on by Nowd "legal or

equitable relief" cannot be deemed an express statutory

authorization of attorney fee awards against the United States

without ignoring Congress' explicit incorporation of FLSA 

216(b) which specifically provided for attorney fee awards in

private sector cases, notwithstanding the presence of the 

identical phrase "legal or equitable relief" in ADEA 626(b) at 

the time FLSA 216(b) was incorporated. 

 Were we to construe the phrase "legal or equitable

relief" as encompassing attorney fee awards against the United

States, Congress' explicit incorporation of FLSA 216(b) into

the private sector ADEA scheme would be reduced to an empty

exercise and no effect would be given to ADEA 633a(f), which

expressly confines the federal-employee ADEA claims procedure

 6

within a self-contained scheme and defines the remedial limits of

federal government liability under the ADEA. See Lehman, 453 

U.S. at 168; see also Rodriguez v. United States, 480 U.S. 522, 

525 (1987) ("'[W]here Congress includes particular language in

one section of a statute but omits it in another section of the

same Act, it is generally presumed that Congress acts

intentionally and purposely in the disparate . . . exclusion.'")

(citations omitted); State of Rhode Island v. Narragansett Indian 

Tribe, 19 F.3d 685, 702 (1st Cir.), cert. denied, 115 S. Ct. 298 

(1994). Accordingly, we affirm the district court ruling that

the ADEA itself does not authorize attorney fee awards against

the United States. 

B. The EAJA B. The EAJA 

 Alternatively, Nowd contends that he is entitled to an

attorney fee award against the United States by virtue of the

EAJA, which provides, in part, that "[u]nless expressly 

prohibited by statute, a court may award reasonable fees and 

expenses of attorneys . . . to the prevailing party in any civil 

action brought . . . against the United States." 28 U.S.C. 

2412(b) (emphasis added). The EAJA provides for awards against

the United States "to the same extent that any other party would

be liable under . . . the terms of any statute which specifically 

provides for such an award." Id. (emphasis added). Thus, EAJA  

2412(b) permits an attorney fee award against the United States

where a private litigant would be amenable to a fee award under

the statute establishing the particular cause of action. Id.; 

 7

see also H.R. Rep. No. 1418, 96th Cong., 2d Sess. 8 (1980), 

reprinted in 1980 U.S.C.C.A.N 4984, 4987.  

 As noted above, see supra p. 3, the ADEA expressly 

imports various remedial provisions from the FLSA, including FLSA

 216(b), which permits attorney fee awards in actions against

private sector employers. See 29 U.S.C. 626(b). Consequently, 

a prevailing ADEA claimant is entitled to a reasonable attorney

fee award against a private sector employer. Thus, it is 

entirely consistent with the EAJA's purpose that the United

States, qua employer, assume responsibility on a "completely 

equal footing" with private sector employers in regard to

attorney fee awards under the ADEA. See H.R. Rep. No. 1418, 

reprinted in 1980 U.S.C.C.A.N. at 4987 (citing Natural Resources 

Defense Council v. E.P.A., 484 F.2d 1331 (1st Cir. 1973)). 

Further, in keeping with the proviso to EAJA 2412(b), ADEA 

633a(c) cannot be said by its silence, cf. supra Section A  

to "expressly prohibit[]" attorney fee awards against the United

States. See 29 U.S.C. 633a(c). We therefore conclude that the 

EAJA empowers the district courts, in their reasonable

discretion, to award prevailing ADEA claimants attorney fees and

expenses against the United States. 

C. The Nowd Application C. The Nowd Application 

 The United States nonetheless contends that Nowd is not

entitled to an attorney fee award under the EAJA, since the fee

application is deficient. See, e.g., Grendel's Den, Inc. v. 

Larkin, 749 F.2d 945, 952 (1st Cir. 1984) (noting potential 

 8

adverse consequences of counsel's failure to maintain

contemporaneous time records). As the district court has yet to

decide whether to exercise its discretion in this case, it should

be afforded an opportunity to consider the Nowd application in

the first instance. See Foster v. Mydas Assocs., Inc., 943 F.2d 

139, 144-45 (1st Cir. 1991) (noting that determination of fee

award by appellate court in first instance would usurp trial

court function); see also Grendel's Den, Inc., 749 F.2d at 952 

(noting that absence of contemporaneous time records does not

invariably result in total disallowance of fee application, but 

instead may warrant only a "substantial reduction"). Moreover,

it appears that Nowd did not have an adequate opportunity to

respond to the contention that the fee application was deficient.

The record reveals that the district court disallowed the fee

application, on other grounds, two days after the government 

first opposed it as deficient in form. As Nowd should be given

an opportunity to respond, or amend the fee application, we

remand to the district court for further proceedings consistent

with this opinion. 

 CONCLUSION CONCLUSION 

 In sum, we hold that the ADEA, 29 U.S.C. 633a, does

not mandate an award of attorney fees and expenses against the

United States for the benefit of a prevailing public sector

employee, but that the EAJA, 28 U.S.C. 2412(b), nonetheless

permits a discretionary award of attorney fees and expenses

against the United States for the benefit of a prevailing ADEA

 9

claimant.

 For the foregoing reasons, we vacate the district court For the foregoing reasons, we vacate the district court 

order and remand for further proceedings consistent with this order and remand for further proceedings consistent with this 

opinion.  opinion.  

 10