**Edward F. DOYLE, Plaintiff,**

v.

**Michael S. DUKAKIS, Amy Anthony, Marvin Siflinger, Bernard Singer and The Massachusetts Housing Finance Agency, Defendants.**

Civ. A. No. 85–0100–Y.

United States District Court, D. Massachusetts.

June 2, 1988.

See also 634 F.Supp. 1441.

William J. Doyle, Doyle & Doyle, Boston, Mass., for plaintiff.

Wade M. Welch, Alexander Gray, Boston, Mass., for defendants.

MEMORANDUM AND ORDER

YOUNG, District Judge.

The issue before the Court is whether or not the Massachusetts Housing Finance Agency (the "Agency") is " 'an arm [or alter ego] of the State partaking of the State's Eleventh Amendment immunity, or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend.' " *Ainsworth Aristocrat International Pty. Ltd. v. Tourism Co. of the Commonwealth of Puerto Rico,* 818 F.2d 1034, 1036 (1st Cir.1987) (quoting *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 [1977]) (footnote omitted). The First Circuit has clearly delineated the relevant factors for courts to consider in making such a determination. They include:

[L]ocal law and decisions defining the status and nature of the agency involved in its relation to the sovereign. . . . Among the other factors, no one of which is conclusive, perhaps the most important is whether, in the event the plaintiff prevails, the payment of the

judgment will have to be made out of the state treasury; significant here also is whether the agency has the funds or the power to satisfy the judgment. Other relevant factors are whether the agency is performing a governmental or proprietary function; whether it has been separately incorporated; the degree of autonomy over its operations; whether it has the power to sue and be sued and to enter into contracts; whether its property is immune from state taxation, and whether the sovereign has immunized itself from responsibility for the agency's operations.

*Ainsworth,* 818 F.2d at 1037 (quoting *Blake v. Kline,* 612 F.2d 718, 722 [3d Cir. 1979], *cert. denied,* 447 U.S. 921, 100 S.Ct. 3011, 65 L.Ed.2d 1112 [1980] [quoting *Urbano v. Board of Managers of New Jersey State Prison,* 415 F.2d 247, 250–51 (3d Cir.1969), *cert. denied,* 397 U.S. 948, 90 S.Ct. 967, 25 L.Ed.2d 129 (1970) ] ) (footnote omitted); *see also Culebras Enterprises Corp. v. Rivera Rios,* 813 F.2d 506, 517 (1st Cir.1987).

In weighing these factors after conducting an evidentiary hearing, *see Ainsworth,* 818 F.2d at 1038–39 (explicating the need for a full hearing), the Court holds that the Agency is not an arm of the State and therefore is not immune from suit pursuant to the Eleventh Amendment. Although some factors do indeed cut in favor of immunity—for example, Mass.Gen. Laws ch. 23A App. sec. 1–3 declares the Agency "a public instrumentality" and the exercise of its powers "an essential governmental function," the Agency has not been separately incorporated, the Agency pays no sales tax, the Agency's bonds are exempt from State and federal taxes, the Commonwealth has not immunized itself from responsibility for the Agency's operations— more factors, and indeed the most important factor, cut the other way.

First the evidence shows that Agency receives no money currently from the Commonwealth, but rather raises its funds by selling notes and bonds to the public. Thus from all appearances any judgment will be satisfied by the Agency's own treasury.[1] Second, the Court is satisfied that, although two members of the Governor's cabinet sit *ex officiis* on the Agency's Board and the Governor appoints the other seven members, Mass.Gen. Laws ch. 23A App. sec. 1–3 (West 1981 & Supp. 1987), the Agency exercises largely autonomous control over its operations. Third, the Agency has the power to sue and be sued. Mass. Gen. Laws ch. 23A App. sec. 1–4 (West 1981 & Supp.1987). Fourth, the Agency has the power to enter into contracts. *Id.* Fifth, the Agency has the power to acquire real property. *Id.* Sixth, the Agency has the power to control its own properties and funds. *Id.* Seventh, the Agency has the power to appear in its own behalf before boards, commissions, departments or other agencies of municipal, state or federal government. *Id.* Eighth, although the Agency performs what may be considered a traditional governmental function in concerning itself with the provision of affordable housing, the bulk of its activities are not unlike those of a bank—for example, acting as a house mortgagee, and assisting private homeowners and developers in constructing low income housing—and thus is proprietary in nature. *Cf. Ainsworth,* 818 F.2d at 1037–38 (determining that similar factors pointed toward the conclusion that an agency is not an arm of the state).

Because the Court has determined that the Agency is not an arm of the State and therefore is not entitled to the immunity afforded the State by the Eleventh Amendment, the defendants' motion for summary judgment with respect to the Agency is DENIED.

---

**1.** The parties did stipulate, and the Court thus accepts as proven, that the Commonwealth did provide start-up funding for the Agency and that the Commonwealth does appropriate some money to subsidize some low income loans.