**Sean NOBILE, Plaintiff,**

v.

**Commonwealth of MASSACHUSETTS, et al., Defendants.**

**Civil Action No. 2008–11048–PBS.**

United States District Court,
D. Massachusetts.

Dec. 22, 2009.

Marco T. Bon Tempo, Stephen E. Kesselman, Kenneth B. Walton, Donovan & Hatem, LLP, LLP, Boston, MA, for NaphCare, Inc.

David A. Hilton, Morrison Mahoney LLP, Boston, MA, for Correctional Medical Systems, Inc.

Bradford E. Keene, Bradford Eliot Keene, Esquire, Lynnfield, MA, for Sean Nobile.

Valerie A. McCormack, Stephen C. Pfaff, Louison, Costello, Condon & Pfaff, LLP, Boston, MA, for Frank G. Cousins, Jr.

## *PROCEDURAL ORDER ON DEFENDANT NAPHCARE, INC.'S MOTION FOR SUMMARY JUDGMENT (# 77)*

COLLINGS, United States Magistrate Judge.

In its Reply Memorandum, Etc., NaphCare argues that claims against it are barred by the Eleventh Amendment. The Eleventh Amendment bars suits from being brought in federal courts for monetary damages against states, unless the state waives its immunity or consents to being sued. *Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Culebras Enterprises Corp. v. Rivera Rios,* 813 F.2d 506, 516 (1 Cir., 1987). The Supreme Court has extended this immunity to state officials sued in their official capacities. *Kentucky,* 473 U.S. at 169, 105 S.Ct. 3099; *Culebras Enterprises,* 813 F.2d at 516. However,

Eleventh Amendment immunity does not bar suits for monetary damages against counties and similar municipal corporations. *Mt. Healthy City Sch. Dist. Bd. of Edu. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

■ There is an exception to this rule that extends Eleventh Amendment immunity to "arms" of the state. *Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of the Commonwealth of P.R.,* 818 F.2d 1034, 1036 (1 Cir., 1987); *Cruz v. Commonwealth of P.R.,* 558 F.Supp.2d 165, 174 (D.P.R., 2007); *see Mt. Healthy City Sch. Dist. Bd. of Edu.,* 429 U.S. at 280, 97 S.Ct. 568. The Supreme Court has recognized that immunity extends to local governments when there is so much state involvement in the municipalities' actions that the relief essentially runs against the state. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 124, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

■ Private parties have also been recognized as state actors in certain circumstances. A private party is viewed as a state actor if in engaging in the challenged conduct, the private party performed a public function that has been " 'traditionally the exclusive prerogative of the State'." *Estades–Negroni v. CPC Hospital San Juan Capestrano,* 412 F.3d 1, 5 (1 Cir., 2005) (quoting *Blum v. Yaretsky,* 457 U.S. 991, 1005, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)).

■ In this case, NaphCare asserts that it provided, and continues to provide, health care services to inmates at the Essex County Correctional Facility. NaphCare concedes that it would not fall under the protection of state sovereign immunity if it provided medical services for Essex County as opposed to the state. However, in 1999, Essex County was dissolved as a separate legal entity. *See* Mass. Gen. L. c. 34B, § 1; *Adams v. Cousins,* No. 06–40117–FDS, 2009 WL 1873584, at *6

(D.Mass., March 31, 2009). As a result, "all former officers and departments of Essex County are now state agencies." *Adams,* 2009 WL 1873584, at *6. Since all Essex County departments are now under the Commonwealth, NaphCare argues that it is a state actor for purposes of Eleventh Amendment immunity. As for waiver or consent, the Commonwealth has waived sovereign immunity for certain suits under the Massachusetts Tort Claims Act, but only in the Superior Court. Mass. Gen. L. c. 258, §§ 2 & 3. The Commonwealth has not consented to be sued in federal courts. *Adams,* 2009 WL 1873584, at * 6; *Irwin v. Comm'r of Dep't of Youth Services,* 388 Mass. 810, 819–20, 448 N.E.2d 721 (1983). Thus, under 42 U.S.C. § 1983, neither states nor state officials acting in their official capacities constitute "persons" within the meaning of § 1983.

NaphCare finds support for its position in Judge Gertner's decision in the case of *Navedo v. Maloney,* 172 F.Supp.2d 276, 291 (D.Mass., 2001). In that case, Judge Gertner, applying the Eleventh Amendment, ruled that claims against Correctional Medical Services ("CMS"), which was under contract to provide medical care to inmates at state prisons, must be dismissed essentially because the suit was against the state. Judge Gertner's decision was issued in 2001, and it appears that a significant body of law on the subject has been expounded since then. This law would seem to indicate the Judge Gertner's conclusion was not correct.

Essentially the question is whether the private corporation, because of its relationship with the state and the function it is performing for the state, is an "arm of the state." As the First Circuit has noted,

Not all entities created by states are meant to share state sovereignty. Some entities may be part of an effort at privatization, representing an assess-

ment by the state that the private sector may perform a function better than the state. *Cf. Richardson v. McKnight,* 521 U.S. 399, 405–07, 117 S.Ct. 2100, 138 L.Ed.2d 540 (1997) (discussing advantages of private sector entities performing government functions and role of private contractors in prison administration).

*Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico and The Caribbean Cardiovascular Center Corp.,* 322 F.3d 56, 64 (1 Cir.), *cert. denied,* 540 U.S. 878, 124 S.Ct. 296, 157 L.Ed.2d 142 (2003).

■ The burden to establish that it is an "arm of the state" and thus entitled to Eleventh Amendment immunity rests with the party asserting entitlement, in this case NaphCare. *Fresenius,* 322 F.3d at 61 (citing *Wojcik v. Massachusetts State Lottery Comm'n,* 300 F.3d 92, 99 (1 Cir., 2002)).

■ In the *Fresenius* case, the First Circuit identified two key factors in deciding whether an entity is an "arm of the state." The first is: "Has the state clearly structured the entity to share its sovereignty?" *Fresenius,* 322 F.3d at 68. The second is: "If the factors assessed in analyzing the structure point in different directions, then the dispositive question concerns the risk that the damages will be paid from the public treasury[?]" *Id.*

It is to be noted that in a case decided earlier this year, the U.S. District Court in Delaware had to determine whether CMS, who "... provides healthcare services to prisoners housed at [a state correctional institution] under a contract with the Department of Correction of the State of Delaware" was a "state actor ... entitled to sovereign immunity ..." on claims by an inmate alleging medical negligence. *Austin v. Taylor,* 604 F.Supp.2d 685, 688 (D.Del., 2009). The Court determined that CMS "... failed to meet its burden to

establish that it is an 'arm of the state' immune from § 1983 liability." *Austin,* 604 F.Supp.2d at 689.

As noted, *supra,* NaphCare raised the issue of Eleventh Amendment immunity in its reply brief. It relied almost entirely on the decision in the *Navedo* case and did not present any evidence to meet the burden which the First Circuit in the *Fresenius* case held must be met by an entity claiming it is an "arm of the state."

So at this juncture, NaphCare has not established an entitlement to immunity. It is unclear whether it would be able to. However, so that the issue, which is one of federal law, can be determined before the merits are considered, counsel for NaphCare shall, **on or before the close of business on Wednesday, January 6, 2010,** file a pleading asserting either (1) that NaphCare will not longer claim it is an "arm of the state" entitled to Eleventh Amendment immunity or (2) submitting evidence which meets the requirements of Rule 56(e), Fed. R.Civ.P., which NaphCare claims meets its burden of demonstrating that it is an "arm of the state" entitled to Eleventh Amendment immunity.